## Bridges & Beers v. Miller.

1. Where a motion was made for a new trial at the term at which the judgment was rendered, but the Court adjourned without disposing of it, the refusal of the Judge at the next term, to hear the motion and decide it on its merits, will not authorise a reversal of the judgment in the cause. *A mandamus is the appropriate remedy to compel a Court to entertain and decide upon a matter within its discretion.*

IT appears from the record in this cause, that the defendant in error recovered against the plaintiff at the fall term, 1840, of the Circuit Court of Mobile, a judgment for the sum of sixteen hundred and thirty-seven dollars; and at the spring term, 1841, the plaintiffs moved for a new trial, which being refused, they excepted. The bill of exceptions is as follows: "In this cause, a verdict was rendered for the plaintiff at the last term of the Circuit Court for Mobile county, and a motion was made at the said term for a new trial. Before a decision was made on the motion, and while it was still pending, the Court aforesaid, adjourned to the next regular term of the said Court; a judgment having been entered on said verdict. At the present term, the same motion was made for a new trial upon the same verdict, before the Hon. E. S. Dargan, the presiding Judge, who declined to hear the same, or inquire into the merits thereof, because the said motion should have been determined at the last term of the Court, and that it could not now be decided. To which refusal to hear the aforesaid motion, the said defendants except, and pray the Court to sign this bill of exceptions."

The only error assigned is, that the Court erred in not hearing the motion for a new trial.

Campbell, for the plaintiffs in error.

Stewart, for the defendant.

COLLIER, C. J.—It does not explicitly appear from the bill of exceptions, that a motion for a new trial was regularly made, and continued at the term of the Court at which the jury

rendered their verdict in this cause; but conceding such to have been the fact, and we are satisfied, that the refusal of the Judge to entertain the motion at the succeeding term, is not available on error. The granting, or refusing a new trial, is a matter within the discretion of the Court, trying the cause; and however decided, cannot be revised on appeal or writ of error.— Nor can the refusal to decide upon such a motion, be thus made the ground of objection to a judgment in other respects, regular; for as the appellate Court cannot examine into its merits and determine whether it should have been granted, it cannot undertake to say, that the party complaining, has been prejudiced by refusing to decide upon his application for a new trial. And unless error is affirmatively shown to the probable injury of the plaintiff, the judgment will not be reversed.

But the refusal of a Court to decide upon a matter even within its discretion, is not a case unprovided for by law. In such a case, a *mandamus* is the appropriate remedy to compel the Judge to make such a decision, as in his judgment is proper and legal. Dunkin v. Mun, T. Raym. Rep. 235; Rex v. Hay, 4 Burr. Rep. 2295; Commonwealth ex rel. Breckenridge v. The Judges of the Court of Common Pleas, of Cumberland co., 6 Wheeler's Ab. 556; 1 Serg't & Rawle's Rep. 187.

We have only to add, the judgment is affirmed.