# State, *ex rel.* Ellis *v.* Board of Revenue of Jefferson Co., *et al.*

## *Mandamus.*

### (Decided Feb. 17, 1911. 55 South. 179.)

1. *Mandamus; County Boards; Discretion.*—While county boards, such as commissioners' courts and boards of revenue, may be com pelled by mandamus to pass on claims properly filed—that is, to allow or disallow them, they cannot be directed as to which they shall do where they have any discretion, judgment or choice.

2. *Same; Claims; Costs; Counties.*—If costs in certain cases against road defaulters are proper charges against the county, they should be properly presented, and if disallowed, suit should be brought thereon; hence, a justice of the peace cannot by mandamus compel the payment of such costs, and the fact that there are judgments in relator's court against the county, aggregating the amount claimed, after allowing all just credits, does not change the rule.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. A. COLEMAN.

Mandamus by the State on the relation of C. C. Ellis, a justice of the peace, against the Board of Revenue of Jefferson County, and others, to compel the board to allow and pay certain claims for costs. Judgment for respondents and relator appeals. Affirmed.

JOHN S. KENNEDY, and HUGH H. ELLIS, for appellant. Execution or bond issue proceedings upon a judgment obtained against the county are not authorized by law.—*Edmundson v. DeKalb County*, 51 Ala. 107. The county treasurer is not authorized to disburse funds except on warrant or in certain cases specially provided for. Hence, petitioner has no remedy but mandamus. Cost tax against the county are proper claims where the county fails in suits.—Sec. 3666, Code 1907; *Commissioners v. Goldthwaite*, 35 Ala. 704; *Coosa County v. Collier*, 83 Ala. 269; *Fayette County v. Ernest*, 123 Ala. 631; *Dover v. The State*, 40 Ala. 244; Sec. 123, Code 1907. Section 19 of the Local Law of Jefferson county authorizes and creates the civil action against road defaulters, and the costs were properly rendered against the county.—Sec. 3701, Code 1907, and authorities next above.

JOHN H. MILLER, and W. K. TERRY, for appellee. Relator is not entitled to mandamus.—2 Spelling on Extraordinary Remedies, 1173. The Board of Revenue has the right to pass on all accounts and claims against the county.—Sec. 3313, Code 1907. The relator has a plain and adequate remedy under section 5810, Code 1907. Mandamus will not lie to compel the Board to allow the claim.—*Edmundson v. DeKalb County*, 51 Ala. 103; 24 Hun. 413; 52 Miss. 523; 20 Tex. 60; 2 Spelling on Extraordinary Remedies, p. 1288.

MAYFIELD, J.—Relator is a justice of the peace for precinct 9 in Jefferson county. In his court, as such

justice, a great number of civil suits were brought against road defaulters. These suits were brought, in the name of the county, under local acts for that county (section 19, Local Laws, Jefferson County, p. 741). This section corresponds to, or is a substitute for, section 5808 of the Civil Code of 1907. The county failed in a number of these suits, and in others, in which it succeeded, execution was issued against the defendants, and returned, "No property found," whereupon judgments were rendered against the county for the costs. In this latter class of cases, it is insisted that the county become liable for the costs. Under the view we take of the case, it is not necessary nor proper that we should now pass upon this question.

This justice made out an itemized statement of these judgments for costs against the county, and presented it to the board of revenue of Jefferson county, demanding that the board issue a warrant on the county treasurer for the amount, with directions that payment be made to the justice. The board disallowed the claim in toto, and declined to issue or order issued a warrant for the amount, or any part of the claim, and duly recorded such refusal upon the minutes of the board. Thereupon the relator applied to the judges of the circuit court for Jefferson county for a writ of mandamus to the said board, commanding them to issue, or order to be issued, a warrant upon the county treasurer for the payment of the amount of said claim. A demurrer was filed to the relator's petition for the writ, and was sustained by the circuit court. The relator declined to plead further, and suffered judgment to be rendered against him. From this judgment, he appeals to this court.

Relator has mistaken his remedy. County boards, such as commissioners' courts or boards of revenue, may be compelled by mandamus to act upon claims

against the county presented to them for allowance (that is, they may by this writ be compelled to act—to allow or to disallow); but they cannot by such writ be directed which of the two they shall do, if the board has any discretion, judgment, or choice in passing upon such questions.—Spelling on Inj. and Extra. Rem. vol. 2, p. 1288; *Portwood's Case*, 52 Miss. 523; *People v. French*, 24 Hun. (N. Y.) 263; *People v. Board of Sup'rs of Oneida County*, 24 Hun. (N. Y.) 413; *People v. Board of Sup'rs of Livingston County*, 26 Barb. (N. Y.) 118; *Chase v. Blackstone Canal Co.*, 10 Pick. (Mass.) 244.

After the court or board has allowed such claim, the probate judge, or other proper officer or agent, may be compelled in proper cases to issue the warrant; but if the claim is disallowed such officer, of course, is not authorized to issue the warrant.—Code, § 146; *Jeffersonian Publishing Co. v. Hilliard*, 105 Ala. 578, 17 South. 112. In this case it is said: "The court of county commissioners is a court of record, of peculiar constitution. It is clothed with large powers relating to the internal government and affairs of the county, some of which are in their nature legislative, some judicial, and others administrative or executive. The court has authority 'to examine, settle, and allow all accounts and claims chargeable against the county.'—Code, § 826 (now section 3313). Such claims do not become the subject of suit against the county, until they have been presented to the court of county commissioners, and disallowed or reduced by the court, and the reduction refused by the claimant.—Code, § 2574 (now section 2472.) When the court has audited and allowed a claim against a county, it is the duty of the judge of probate, the keeper of the records of the court, to 'give the claimant a warrant on the treasury for the amount so allowed.'— Code, § 901 (now section 146)."

In the case of *Dale County v. Gunter*, 46 Ala. 135, it was first ruled (and the ruling has been many times followed) that: "If a claim is given against a county by statute, and no mode is prescribed for its payment, then it must be presented for allowance like other claims, and paid out of the county treasury in the usual way, by a warrant of the judge of probate. If such claim, when presented, is rejected, or not allowed in full, then it may be collected by suit against the county, as other claims are collected that have been presented and rejected, or allowed only in part. But, on the contrary, if the statute by which the claim is given prescribed the way in which the claim is to be collected, and how the means are to be obtained by which it is to be paid, then the claim must be enforced and paid in the mode and manner provided, and in no other way."

If the costs in cases against road defaulters, such as relator exhibits in this case, are lawful claims against the county, the statute has fixed no specific mode for their collection and payment; hence they should be presented, and allowed or disallowed, as are other claims or demands against the county; and, if disallowed, suit should be brought as for other disallowed claims. Probably claims against counties, the nearest like those in question, which have been considered by this court where the fees or compensation provided for jurors who attend or serve at a coroner's inquest. In that case that statute fixed the amount, and provided that the fees should be paid in the same manner as those of grand and petit juries, which, of course, did not have to be allowed; yet this court held that before they could be paid the claim must be presented and allowed, and, if disallowed (as in the case at bar), of course an action would lie against the county, as in all other cases.

If there was a necessity to present the claim in ques-

[State. ex rel. Ellis v. Board of Revenue of Jefferson Co., et al.]

tion, the board of revenue had a discretion and a duty to allow or disallow it, in whole or in part. If no such discretion and duty were committed to the board, then there existed no necessity to present the claim to them. No warrant could properly issue for the claim, until it had been allowed. It may be that a part or all of the demand should have been disallowed, as claims of this nature are not such as those the amount and correctness of which the law fixes beyond dispute. The county should in some manner be entitled to defend against them, if improper or incorrect. The statutes afford no specific remedy as to claims such as these, and we see no reason why they should not take the usual course. The mere fact that it is alleged by the relator that there are judgments in his court against the county, aggregating the amount claimed, after allowing all just credits, does not change the rule.

The proper remedy of those holding judgments against the counties, is pointed out by this court in the case of *Edmondson v. DeKalb County*, 51 Ala. 105, 106, from the opinion in which case we quote:

"The statutes subject counties to ordinary suits in specified cases. When in such suit judgment is rendered against the county, no execution or process thereon for its satisfaction can issue. An execution cannot issue, because the county can hold no property, real or personal, which is subject to its mandates. The property to which it may have title, is held for governmental purposes.

"A county has some of the characteristics of a corporation, but is to be esteemed rather as a political organization, the auxiliary of the state, intrusted with defined functions and powers, having exclusive reference to the general policy of the state, and the general administration of that policy.—Dillon on Mun. Cor. § 10;

*Com'rs Hamilton County v. Mighels,* 7 Ohio St. 109. In
the exercise of these functions and powers, it cannot be
interrupted by the judgment of any court. Individual
interest and right are subordinate to the general policy
of the state, and cannot be permitted to conflict with or
obstruct its administration. No argument is necessary
to show that, if a county could be vexed with the proc-
ess on judgments against it to which individuals are
subject, it would be paralyzed in the exercise of the
functions and powers intrusted to it as an auxiliary of
the state.

"The judgment creditor is not without remedy. He
can register his claim, and obtain payment, as other
creditors of the county are required to do. If the com-
missioners' court have power, and refuse to levy a tax
sufficient to meet the judgment, or any other claim
against the county properly audited and allowed, a
mandamus will lie to compel them. If the treasurer has
funds liable to the payment of a claim, and he fails or
refuses to pay on demand, an ample and summary rem-
edy is prescribed against him and his sureties."

The mandamus referred to above is to compel the levy
of a tax to raise funds with which to pay, and not to
compel allowance of particular claims.

The only authority which could be said to support the
contention of the relator is that of *Marengo County v.
Lyles,* 101 Ala. 423, 12 South. 412, and what was there
said in support of the proposition contended for was de-
clared dictum, and unsound, in the case of *Scarbrough
v. Watson,* 140 Ala. 351, 37 South. 281. In this last case
Watson was clerk of the circuit court of Calhoun coun-
ty, and presented his claim to the commissioners' court
of that county for copying the minutes of the court,
which claim was disallowed, and he applied to the judge
of the circuit court for a mandamus to compel its allow-

ance and the issuance of a warrant for its payment. And this court, speaking through McClellan, C. J., said: "Recovery cannot be had in such cases on the common counts; no averment of presentation and disallowance being added. Hence it is that the case of *Marengo County v. Lyles,* 101 Ala. 423, 12 South. 412, was properly decided; but what is there said as to plaintiff's remedy being by mandamus is a dictum, unnecessary to the decision of the case, and unsound, unless the question was there affected by a local statute, not mentioned in the report or opinion. The remedy in such case is by action under section 13 of the Code, and it is plain, adequate, and complete. The claim involved in this proceeding is of the class dealt with by the statute. The petitioner had his plain, adequate, and complete remedy by action at law; and, having this remedy, he was not entitled to a mandamus to the county commissioners to pay it."

The court properly sustained the demurrer to the petition for the writ.

Affirmed.

D'OWDELL, C. J., and SIMPSON, ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.