# Lovelady, *et al. v.* Copeland, Clerk.

## Mandamus.

(Decided January 11, 1917.   73 South. 948.)

. 1. **Mandamus; Subjects of Relief; Claim Against County; Discretion.**—Construing sections 1 and 4, Local Acts 1915, p. 3, it is held that where the county board had exercised its discretion to work the convicts on the road, it could be compelled by mandamus to pay the costs out of one or the other of the specified funds, but could not be compelled to pay it out of a particular fund.

2. **Same; Adequae Legal Remedy.**—Until the county board of revenue has exercised its discretion to determine the fund from which such costs shall be paid the remedy at law for the recovery of the costs is not adequate and mandamus will lie.

3. **Costs; Payment by County; Statutes.**—The right of the convict to discharge the costs by payment as provided by section 7635 does not relieve the county of its duty to pay such costs, for if they are paid in part by the convict before payment by the county, the county is liable only for the balance and if they are paid by convicts after payment by the county the amount would be turned over to the county as the party entitled thereto under section 4, Local Acts 1915, p. 3.

4. **Same.**—The fact that a convict may die or escape before the costs are worked out by him does not relieve the county of its statutory liability; such a contingency being a matter for the legislature and not for the court.

5. **Same; Time.**—The county is required by sections 1 and 4, Local Acts 1915, p. 3, to issue its warrant for the costs, although the convicts have not yet discharged the costs by their labors.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Petition by W. P. Copeland as Clerk of the Criminal Court of Jefferson County against R. F. Lovelady and others as members of the Board of Revenue of Jefferson County to compel the issuance of warrants for court costs in cases where the convicts of the county had been sentenced to work out the costs within the county. From a judgment awarding the writ of mandamus as prayed the defendants appeal. Affirmed.

W. K. TERRY, for appellant.   CABANISS & BOWIE and BURGIN & BROWN, for appellee.                                          ↖

THOMAS, J.—The appeal is from a judgment awarding the writ of mandamus against the appellants, as the board of revenue

[Lovelady, et al. v. Copeland, Clerk.]

of Jefferson county, to compel the issue of warrants for the court costs in cases where the defendants are convicted of misdemeanors in said county and sentenced to hard labor for the fine and costs.

The appellants' demurrer to the petition was overruled. The answer filed raised the questions presented by demurrer: (1) That mandamus was not the proper remedy; and (2) that petitioner was not entitled to the relief prayed. Thus there was presented the question of the construction of the local act for Jefferson county approved February 1, 1915.—Local Acts 1915, p. 3. Sections 1 and 4 of this act provide (following the enacting clause): Section 1. That in all cases in Jefferson county, Alabama, where convicts have heretofore or shall hereafter be sentenced to hard labor in said county and shall by the board of revenue or other proper official or body be directed and required to work out said sentence and costs at hard labor upon the public roads of said county such board of revenue shall immediately or at its next session pay over to the clerks of the courts of said county where said convicts were sentenced, by warrant drawn on the treasurer of said county and payable out of the general fund or the road fund, as they may prescribe, a sum of money sufficient for the payment of such of the items of the costs of conviction in his case, or cases, if sentenced in more than one case, as each convict has been or shall be sentenced to an additional term or terms of hard labor of the county to pay. * * *

"Sec. 4. That the board of revenue of said county be and it is hereby directed to draw its warrants on the treasurer of said county, payable out of the general fund of said county or road fund as they may prescribe, for an amount sufficient to pay the costs of conviction in the case of such convicts as have been sentenced to hard labor for the county and who since April 1, 1913 have been required to work out such costs upon the public roads of said county, and upon the receipt of the money for such costs the clerks of such courts shall pay the same to the persons entitled thereto."

It will be observed that the act has a prospective, and a retrospective, effect, as related to costs where convicts "have heretofore or shall hereafter be sentenced to hard labor in said county and shall by the board of revenues," etc., "be directed and required to work out said sentence and costs at hard labor upon

the public roads of said county," and as related to the payment of "the costs of conviction in the case of such convicts as have been sentenced to hard labor for the county and who *since April 1, 1913,* have been required to work out such costs upon the public roads of said county."

(1) Is mandamus the proper remedy? Appellants thus state their contention: "The first question presented by the demurrer is that mandamus is not the proper remedy in such cases, as the appellee had another adequate and complete remedy, to-wit, suit against the county upon his claim.—*State, ex rel. Ellis v. Board of Revenue of Jefferson County, et al.,* 172 Ala. 190 [55 South. 179]. In the case of Ellis, just above cited, on page 192 [of 172 Ala., on page 180 of 55 South], the court uses this language: 'County boards * * * may be compelled by mandamus to act upon claims against the county presented to them for allowance (that is, they may by this writ be compelled to act —to allow or to disallow) ; but they cannot by such writ be directed which of the two they shall do, if the board has any discretion, judgment, or choice in passing upon such questions.' "

An inspection of the act discloses that the board of revenue have a discretion in these two particulars: (1) As to working the convicts upon the public roads at all; and (2) out of which of the two funds, the general fund or the road fund, they will by their warrants authorize the payment of the costs. The board have exercised the discretion as to working the convicts upon the public roads of the county. The petition does not. seek to compel, and the judgment appealed from, following the prayer of the petition, does not require, the exercise by the board of their discretion as to which of the two funds, "general" or "road," such warrants for costs will be drawn upon. It is only sought to compel the board by mandamus to act in the exercise of this discretion, and to draw their warrant, as they may deem expedient, on one or the other of the two funds, in discharge of their duty to pay costs, imposed by the statute.

The positive mandate of the statute to draw such warrants in one or the other of the two funds, "as they may prescribe," is found in section 4 of the act. The averred and admitted facts show that the alleged persons were regularly sentenced to hard labor, by a court of competent jurisdiction, for a time to pay the fine, and an additional time to pay the costs, in each alleged case, and that the amounts of said respective costs were ascertained

by the judgments of the court in question, and that the board of revenue had ordered said convicts, so sentenced, to work on the public roads of the county the time they were respectively sentenced to do hard labor for costs. There is, then, nothing to prevent the exercise of the discretion by the board of revenue, to draw their warrants on one or the other of the funds, as they may prescribe. Mandamus is the proper remedy to compel such action, though not to direct the manner of its exercise.—*Mobile County v. State, ex rel. Campbell,* 163 Ala. 441, 449, 50 South. 972; *Huey, et al. v. Waldrop, et al.,* 141 Ala. 322, 37 South. 380; *City of Mobile v. Board of Revenue, etc.,* 180 Ala. 489, 61 South. 368; *White v. Decatur,* 119 Ala. 476, 23 South. 999; *Mobile Mut. Ins. Co. v. Cleveland,* 76 Ala. 321. In *State, ex rel. Ellis v. Board of Revenue of Jefferson County, supra,* the court said: "In the case of *Dale County v. Gunter,* 46 Ala. 135, it was first ruled (and the ruling has been many times followed) that: 'If a claim is given against a county by statute, and no mode is prescribed for its payment, then it must be presented for allowance like other claims, and paid out of the county treasury in the usual way, by a warrant of the judge of probate. If such claim, when presented, is rejected, or not allowed in full, it may be collected by suit against the county, as other claims are collected that have been presented and rejected, or allowed only in part. But, on the contrary, if the statute by which the claim is given prescribed the way in which the claim is to be collected, and how the means are to be obtained by which it is to be paid, then the claim must be enforced and paid in the mode and manner provided, and in no other way.' "

(2) However, in the act in question, the mode of payment is specifically prescribed—"out of the general fund of said county or road fund as they may prescribe," by warrant of the board, by the act directed to be drawn on the treasurer of the county. It cannot be successfully contended that, on the failure of the board of revenue to direct the payment of said costs from the one or the other of the specified funds, as provided by the act to be done, the petitioner had a complete and adequate remedy at law.

(3) We do not see that the convict's right to discharge the costs, or any portion thereof, by their payment as provided in section 7635 of the Code, imposes any burden on the county or relieves the board of revenue of the duties imposed by the act. I

[Lovelady, et al. v. Copeland, Clerk.]

payment of the costs, or of any part thereof, be made by the convict after his sentence, of necessity such payment would inure to the benefit of the county's fund from which the board have made payment of the costs—the county, in such case, falling in the category of "the person entitled thereto."—Acts 1915, § 3. If payment is made by the defendant before the sentence, the amount of costs *to be paid* by the county is of course reduced to the extent of such payment.

It is clear that it was the legislative intent that the act should have operation only where the board of revenue have exercised their discretion, to the result to work such convicts on the public roads, and after sentences of hard labor for the county on the public. roads. Where such state of facts or status exists, the mandatory provision of the act applies, that "such board of revenue shall *immediately* or at its next session pay over to the clerks of the courts of said county where said convicts were sentenced, by warrant drawn on the treasurer of said county and payable out of the general fund or the road fund, as they may prescribe, a sum of money *sufficient* for the payment of such of the items of the costs of conviction in his case, or cases," etc. It is obvious that if the defendant, upon conviction and before sentence, pays such costs, or any part thereof, the county is required to pay only the balance due thereon.

(4) That the convict may die or escape without reimbursing the county is no reason why the county may disregard the mandate of the statute to pay the costs in question. Such a contingency was a matter of policy addressed to the Legislature in the passage of the act, and is a phase of the question with which we have nothing to do.—*State, ex rel. City of Mobile v. Board of Revenue, etc., supra; Williams v. State, ex rel. Schwartz,* 197 Ala. 40, 72 South. 330, 334, et seq.

(5) We find nothing in the act to support appellant's contention that the county is not required to issue its warrant for the court costs until the convict so sentenced to hard labor on the public roads of the county has discharged the same by his labor.

The judge of the city court did not err in rendering judgment awarding the writ of mandamus prayed in the petition.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.