## State, *ex rel.* Matson *v.* Laurendine, Assessor.

### Mandatory Injunction.

(Decided February 15, 1917. 74 South. 370.)

1. **Mandamus; Refusal of Assessor to List Property.**—Where a specific ministerial duty is imposed by law upon an officer, mandamus will lie to compel its performance in the absence of some other adequate remedy.

2. **Mandamus; Ministerial Officers; Assessor.**—A county tax assessor in merely listing property for taxation is in the exercise of ministerial duties.

3. **Taxation; County Tax Assessor; Listing Property; Determination of Ownership.**—A county tax assessor, being a ministerial officer without the right to determine title to property, must assess property listed by one in possession claiming ownership.

[State, ex rel. Matson v. Laurendine, Assessor.]

**4. Taxation; Property Bought in by State and Afterwards Sold; Taxability.**—Under Gen. Acts 1915, p. 481, § 255, property bought in by state at a tax sale becomes taxable after sale by state.

Anderson, C. J., and McClellan, J., dissenting.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Petition by F. E. Matson for a writ of mandamus against E. D. Laurendine, as Tax Assessor for Mobile County. Writ denied, and plaintiff appeals. Reversed and remanded.

The petition sets up, in substance, that petitioner has been for more than four years a citizen and taxpayer in said county; that he was on October 1, 1915, and continuously since has been, the owner of certain real estate in the county of Mobile which is subject to taxation for state and county purposes, that the respondent was tax assessor for said county on said date, and is still in the exercise of the duties of that office; that on October 15, 1915, petitioner appeared before said tax assessor and informed him of his ownership of certain real estate, exhibiting deeds therefor, and demanded that said lands be assessed to petitioner for taxation for the year beginning October 1, 1915, and that said tax assessor refused to assess petitioner with said property; that petitioner presented to the assessor his averment of ownership duly filed and sworn to, but the assessor refused to accept same; that petitioner has no adequate remedy to compel the assessor to assess to him his said property and therefore resorts to the court for a mandamus.

The prayer of the petition is that the respondent be required to permit said property to be assessed for state and county taxes for the period of time stated.

Respondent in his answer sets up the fact that the real estate described in the petition was in the year 1911, duly assessed to one H. R. Fischer as owner, and that the taxes thereon became delinquent January 1, 1912; that said property was subsequently sold under decree of the court and bought in by the state, and that, not having been redeemed within the time fixed by law, it was sold on December 18, 1914, to the Exchange Land Company, a corporation, by which company it has been regularly returned for taxation; that respondent had duly assessed said company for 1915-16 taxes before the filing of this petition; and that respondent is without authority of law now to assess said lands to the petitioner.

[State, ex rel. Matson v. Laurendine, Assessor.]

The answer was subsequently amended by additional aver-
ments to the effect that the only title under which petitioner
claimed this property was derived through R. H. Fischer by
quitclaim deed of September 15, 1915.

The agreed statement of facts is in substantial conformity
with those averred in the petition and set up in the answer there-
to. Said statement further shows the assessment of the prop-
erty to Fischer, with proper description thereof, and a sale under
a incomplete description which is insisted by petitioner to be a
void description. It was further shown that petitioner took pos-
session of the said property after purchase and has continued in
possession until the present time.

Upon a hearing of the cause the court below denied the writ
of mandamus prayed for and hence this appeal.

ROACH & WARD for appellant. JOEL W. GOLDSBY for appel-
lee.

GARDNER, J.—By this proceeding a resident taxpayer of
Mobile county seeks to have the tax assessor of said county re-
quired by law to assess to him certain real estate for state and
county taxes, a proceeding lacking in direct analogy, so far as the
diligence of counsel has been able to disclose. The defense inter-
posed rested upon the proposition that another had previously
assessed this property for the same tax year, and the assessor
concluded that he was without authority to permit a second
assessment, believing the first assessment to have been by the
true owner.

That it is made the duty of the tax assessor to assess for taxa-
tion the property of every citizen is, of course, quite clear, as is
also the duty of the citizen liable for taxation to return his prop-
erty for such assessment.—Acts 1915, p. 400, et seq. For the
convenience of the citizen the assessor is required to have printed
proper forms for listing property under oath, and the citizen
making false return of his property for taxation is guilty of
perjury. See Acts 1915, §§ 24, 31-37, 40, 45.

(1) "It is well settled that, where a specific ministerial duty
is imposed by law upon an officer, board, or tribunal, with respect
to the levy and assessment of taxes, mandamus will lie to compel
its performance, unless some other adequate remedy is provided.
Thus the writ will lie in a proper case to compel the levy of a

[State, ex rel. Matson v. Laurendine, Assessor.]

special tax assessment and valuation of property subject to taxation in the manner required by law."—26 Cyc. 320.

(2) If the tax assessor in merely listing property for taxation is in the exercise of a ministerial duty imposed by law, it is clear that the petitioner is entitled to his writ. That the assessor in the exercise of this duty is in the performance of the ministerial functions of his office only, and that mandamus is the proper remedy, appears to be demonstrated by the following cases: *State v. Buchanan,* 24 W. Va. 362; *State v. Herrald,* 36 W. Va. 721, 15 S. E. 974; *State v. Greybeal,* 60 W. Va. 357, 55 S. E. 398; *Hyatt v. Allen,* 54 Cal. 353; *People v. Shearer,* 30 Cal. 645.

(3) We find no case which warrants the opinion that the assessor in accepting property for tax assessment has imposed upon him the duty or can exercise the right to determine for himself the title of such property and the true ownership as between contesting claimants. This is a matter with which he cannot be concerned. The assessment of property by one in possession claiming ownership may prove of evidential value in the event of litigation, and thus constitute an important right.— Code 1907, § 2830. To deny the petitioner the right to assess his property would be to authorize the tax assessor to pass upon the title to the real estate and himself decide the true ownership. Such an anomalous situation was clearly not contemplated by the legislative department in the establishment of the office of tax assessor. There is nothing in section 2299 of the Code which would justify the action of the assessor in this case.

(4) If it be conceded, for the purposes of this case only, that when property is sold for taxes, under said Code provision, and bid in by the state, and not redeemed, but still held by the state, it need not be further assessed, yet such concession would avail nothing, as these provisions are without application to the instant case, this property having been sold by the state. Upon such sale by the state it is clearly the assessor's duty to enter the property on his lists for assessment.—Gen. Acts 1915, p. 481, § 255. We therefore entertain the view that the petitioner, in possession of the property, claiming ownership under color of title (and we, of course, confine the decision to the situation thus presented), is clearly entitled, so far as the state is concerned, to have such property listed as assessed to him for taxation, and the assessor was without justification in denying him this privi-

[State, ex rel. Matson v. Laurendine, Assessor.]

lege. Petitioner having a clear legal right and no other remedy by which it can be enforced, mandamus is clearly the proper proceeding (*Board of Shelby County v. Farson*, 197 Ala. 375, 72 South. 613), and it results that the judgment of the court below will be reversed, and one here rendered granting the relief prayed.

Reversed and rendered.

MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

McCLELLAN, J.—(dissenting).—The order of the court below denying the writ of mandamus prayed was entirely justified by several considerations some only of which I think it necessary to state.

1. The petitioner sought the compulsory power of the writ of mandamus to compel the tax assessor to assess certain property described in this petition "for taxation for state and county taxes for the said year beginning October 1, 1915, ending September 30, 1916." The tax assessor is wholly without power or authority to now make an assessment of property for the tax year in which he is sought in this petition to be required to assess the property to the petitioner. See General Acts 1915, pp. 402, 403. The writ of mandamus will never issue to require the respondent to perform an act which he has no power to perform; nor will it issue to a wholly vain purposes.—26 Cyc. pp. 150, 156, 162, 163, 166, 167; *Ex parte Shaudies*, 66 Ala. 134, 136; *Hall v. Steele*, 82 Ala. 562, 566, 2 South. 650.

2. "The invariable test, by which the right of a party applying for a mandamus is determined is to inquire: First, whether he has a clear legal right; and, if he has, then, secondly, whether there is any other adequate remedy to which he can resort to enforce his right."—*Murphy v. State*, 59 Ala. 639, 640; *Withers v. State*, 36 Ala. 252; *State, ex rel. v. Waller*, 133 Ala. 199, 200, 32 South. 163; *State, ex rel. v. Stone*, 69 Ala. 206, 208; *Ex parte S. & N. R. R. Co.*, 65 Ala. 600; *Ex parte Gilmer*, 64 Ala. 235.

It is elementary to say that the title to property is never triable in mandamus proceedings.—*Commonwealth v. Rosseter*, 2 Bin. (Pa.) 360, 4 Am. Dec. 451; *Overseers v. Overseers*, 82 Pa. 275; *Gregory v. Blanchard*, 98 Cal. 311, 33 Pac. 199; *State v. Williams*, 54 Neb. 154, 157, 158, 74 N. W. 396.

If the act sought to be compelled by the writ as prayed was fully performed, its only effect would be to arm the petitioner

[State, ex rel. Matson v. Laurendine, Assessor.]

with evidence that he claimed the property, which claim, along with evidence otherwise tending to show adverse possession by him (if such he has had for ten continuous years), would avail to contribute to the establishment of his asserted right. Certainly an act which has inherent in it so inconclusive, so uncertain, so problematical an effect, at best, should not be compelled to performance by mandamus.—26 Cyc. pp. 151, 153, 155.

According to section 34 of the act to provide for the assessment, etc., of property for taxation in the state Gen. Acts 1915, pp. 403, 404), the only persons who may assess property for taxation are those who own property, or who have an interest in property, or who hold or serve an agent or trustee, on the 1st day of October of the tax year. So, if one may be said to have a right to assess property for taxation, he must be within one of the classes defined by the tax law. If so, and he desires the compulsory writ to compel the assessor to accept his assessment, he would be obliged to allege that he was so related to the property he proposed to assess as to entitle him to assess it. If he should allege in his petition for the writ that he was the owner of the property he proposed to assess, necessarily he would be required and entitled to sustain the averment. The obvious result would be that the proceeding by mandamus would be used to try the petitioner's title, interest, or control over the property for the purpose of assessment, thus offending the elementary rule of law that mandamus will never be employed to try any right or title to property.—Authorities supra. Surely no court would grant the writ to compel an assessor to receive an assessment unless the petition showed that the party proposing to assess the property had a right to do so.

If the petitioner is, as he assumed to be, in the peaceable possession of the property in question, and there is no suit pending to try the title, he has an adequate, complete, and simple remedy to quiet any title he has through the proceedings provided in Code, § 5443 et seq.

For these reasons—and others might be added—my opinion is that the order or decree appealed from should be affirmed.

ANDERSON, C. J., concurring in the foregoing.