(85 South. 871)

Ex parte ROBERTS.　(1 Div. 401.)

(Court of Appeals of Alabama.　June 24, 1920.)

1. HABEAS CORPUS ⊝113(8)—No SUPERSEDEAS BOND, WHERE CUSTODY OF INFANT IS INVOLVED.

There is no statutory authority for the fixing of a supersedeas bond to enable party appealing from a judgment awarding custody of an infant to retain custody pending appeal; Code 1907, § 2875, relating to property and property rights, and section 6245, applying to appeals in criminal cases, so neither is applicable.

2. HABEAS CORPUS ⊝99(1)—CUSTODY OF INFANTS IS VESTED IN THE STATE.

The primary control and custody of infants is with the government, to be delegated, of course, to their natural guardians so long as they are suitable persons; but where the jurisdiction of a competent court has been called to determine the right to the custody of an infant, the infant becomes the ward of the court, and is in its custody.

3. HABEAS CORPUS ⊝113(½)—PARTY HOLDING CUSTODY OF INFANT, PENDING APPEAL, AGENT OF COURT.

Where, pending appeal from a determination as to the custody of an infant, the court leaves it in the custody of either party, such party becomes the agent of the court.

Original petition by Emily C. Roberts for a preliminary ʼwrit of mandamus to compel Hon. Joel W. Goldsby, as Circuit Judge, to fix a supersedeas bond on appeal by petitioner from a judgment in habeas corpus, which awarded to Kate M. Massingill the custody of·her minor child as against petitioner, the paternal grandmother. Writ denied.

Webb, McAlpine & Grove, of Mobile, for appellant.

No brief reached the Reporter.

No counsel marked for respondent.

SAMFORD, J. Habeas corpus proceedings were instituted in the circuit court of Mobile county by Kate Massingill to obtain the custody of her child, an infant of tender years. The writ was issued as prayed, the infant produced in court, and a decree entered awarding the custody of the child to petitioner. Respondent prayed and obtained an appeal from the order or decree, and requested the trial court to fix a supersedeas bond pending the appeal, so that the custody of the infant might remain with the respondent until the appeal was finally determined. This the trial court refused to do, but order-- ed the child delivered to petitioner, and this petition is filed here for the issuance of a writ of mandamus ,commanding the trial judge to fix the bond for supersedeas as prayed for, and for a preliminary writ to show cause why the writ should not issue.

[1] There is no statutory authority for the fixing of such bond. Code 1907, § 6245, applies to appeals in criminal cases, and section 2875 contemplates cases involving property and property rights where the damage can be measured in dollars and cents in cases of default. Cases involving the custody of infants do not come within either of these classes. They do not come under the criminal statute, because the subject is not criminal, nor yet under the latter statute, because children are not property, to be compensated for in the measure of dollars.

[2, 3] Since the case of Wellesley v. Duke of Beaufort, 2 Russ. 1, it has been firmly established in our jurisprudence that the primary control and custody of infants is with the government, to be delegated, as of course, to their natural guardians and protectors, so long as such guardians are suitable persons to exercise it. 2 Story, Eq. Jur. § 1342; Hochheimer, Custody of Inf. § 12; Tyler on Infancy, p. 281. But, where the jurisdiction of a competent court has been called to determine the rights of the infant, as to who shall have its custody, the infant becomes the ward of the court, and in its custody. Burns v. Shapley, 16 Ala. App. 297, 77 South. 447–449. Exercising this control, if the court, pending an appeal, leaves the custody in

either the one or the other of the parties litigant, or to some third party, such party becomes the agent of the court. Burns v. Shapley, supra. Of course, such order follows the appeal to this court, where such additional orders as may be necessary to preserve the rights of the parties and the execution of its mandates, in its supervision of the decrees and orders of the lower court, may from time to time be made. The writ of mandamus, however, is not the proper remedy.

Preliminary writ denied.