142 So. 672

## Ex parte WRIGHT.

### 6 Div. 163.

Supreme Court of Alabama.

June 16, 1932.

Clark Williams and G. Ernest Jones, both of Birmingham, for petitioner.

John W. Altman and Fred G. Koenig, both of Birmingham, for respondent.

**THOMAS, J.**

The petition was for mandamus to the circuit judge to vacate a decree entered in the court of equity.

It is established that mandamus will not be granted where the petitioner has a remedy by appeal. In Ex parte Schmidt & Smith, 62 Ala. 252, 254, Mr. Chief Justice Stone states the rule that has since obtained in this jurisdiction. It is:

"To authorize the issue of the writ of mandamus, there must be a clear legal right, and no other adequate remedy. The writ lies to compel the execution of ministerial duties, in all proper cases. As to judicial functions, the rule is different. The writ will be awarded to compel courts to entertain jurisdiction and pronounce judgment in the premises. It will not be awarded to order or direct what judgment shall be rendered in any given case; nor can its powers be invoked to correct any error in the final judgment or decree of an inferior court. The reason of this latter rule is, that there is an adequate remedy in appeal, which lies from all final judgments or decrees of courts of record.—2 Brick. Dig. 239–40, §§ 2, 3, 4, 6; State ex rel. v. Bowen, 6 Ala. 511; Bridges v. Miller, 3 Ala. 746; Ex parte Henry, 24 Ala. 638; Ex parte Echols, 39 Ala. 698 (88 Am. Dec. 749); Ex parte Hendree, 49 Ala. 360."

See, also, Ex parte Smith, 168 Ala. 182, 52 So. 895; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Leigh v. State ex rel. O'Bannon, 69 Ala. 261; State of Alabama ex rel. Pinney v. Williams, 69 Ala. 311; Ex parte Apperson, 217 Ala. 176, 115 So. 226; Lovelady v. Copeland, Clerk, 198 Ala. 625, 73 So. 948. And such is the remedy.

The petition for mandamus directing the trial court to require transcription of the oral testimony will not be required until that court is properly and duly invoked to do so.

Allen v. Allen, 223 Ala. 223, 135 So. 169; Ex parte Bozeman (Bozeman v. Dillard), 213 Ala. 223, 104 So. 402; Ex parte Jackson, supra.

The record and exhibits, considered as one pleading, show the jurisdiction of the trial court, that the parties were subject thereto, and on the trial the testimony was taken orally in open court, and the court rendered final judgment in said cause. It is thus apparent that there was complete and adequate remedy by appeal as to rendition of that final judgment, and as to the several rulings of the court during the trial of the case.

It is further shown that there was failure to duly move the court for an order requiring the reporter to transcribe and file in the cause the evidence taken orally in open court. This being true, mandamus is not the proper remedy—that is, a proper case for mandamus is not presented.

In Allen v. Allen, 223 Ala. 223, 135 So. 169, 170, this court recently observed, through Mr. Justice Brown, that testimony duly given ore tenus in an equity case as provided by the statute, "and taken down in shorthand, when noted by the register as required by Chancery Rule 75, becomes a part of the record, and the parties, on proper motion, are entitled to have an order of the court requiring the stenographer to transcribe the same and file it in the case, the cost thereof to be taxed as in the case of other depositions. The court has power to make such order and perfect the record after an appeal has been taken. Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45."

The fact that the evidence had not been transcribed when the decree was rendered did not affect the validity of that judgment, nor will that judgment be reviewed and vacated by way of mandamus. Appeal is the appropriate method of review. Mandamus will not be granted for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 497, 103 So. 558, and authorities collected.

The fact that an appeal was taken from the final decree and perfected by filing security for costs, and a supersedeas bond was not given to preserve the statu quo, did not deprive the trial court of the right to direct the process and execution on the judgment pending the appeal, within the terms of the statute (section 6134, Code; Ex parte Roberts, 17 Ala. App. 538, 85 So. 871)—that is, in a case where a supersedeas bond is authorized to be given and preserve the status (sections 6132–6134, Code).

In 63 A. L. R. 1482, 1483, the following observation is contained in the note:

"In the absence of statutory authority for the fixing of a supersedeas bond upon appeal from a judgment in habeas corpus proceedings awarding a minor child to the custody of the petitioner in those proceedings, mandamus will not issue compelling the court below to fix a supersedeas bond pending the appeal, so that the custody of the child may remain with appellant until the appeal has been finally determined. Ex parte Roberts (1920) 17 Ala. App. 538, 85 So. 871. Omitting the citation of cases, the question was discussed as follows: 'There is no statutory authority for the fixing of such bond. Code 1907, § 6245, applies to appeals in criminal cases, and § 2875 contemplates cases involving property and property rights where the damage can be measured in dollars and cents, in cases of default. Cases involving the custody of infants do not come within either of these classes. They do not come under the criminal statute, because the subject is not criminal, nor yet under the latter statute, because children are not property, to be compensated for in the measure of dollars. * * * It has been firmly established in our jurisprudence that the primary control and custody of infants is with the government, to be delegated, as of course, to their natural guardians and protectors, so long as such guardians are suitable persons to exercise it. * * * But where the jurisdiction of a competent court has been called to determine the rights of the infant, as to who shall have its custody, the infant becomes the ward of the court, and in its custody. * * * Exercising this control, if the court, pending an appeal, leaves the custody in either the one or the other of the parties litigant, or to some third party, such party becomes the agent of the court. * * * Of course, such order follows the appeal to this court, where such additional orders as may be necessary to preserve the rights of the parties and the execution of its mandates, in its supervision of the decrees and orders of the lower court, may from time to time be made. The writ of mandamus, however, is not the proper remedy.'

"And it has been held that the party against whom judgment is rendered in habeas corpus proceedings involving the custody of a minor child has not an absolute right to a suspensive appeal,—that is, to an appeal which would stay execution of the judgment,—and that mandamus compelling the court below to grant such an appeal will, therefore, be denied."

The citations of statute from the Code of 1907 in the foregoing excerpt are respectively section 3238 and section 6134 of the Code of 1923. See, also, editor's notes to section 6078, Code of 1928.

The better view is that a supersedeas bond cannot be required by the party appealing in a case affecting the welfare of an infant. The matter is for and within the inherent jurisdiction of a court of equity

(Thomas v. State, 215 Ala. 1, 109 So. 607; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; McEntire v. McEntire. 213 Ala. 328, 104 So. 804; Tillman v. Walters, 214 Ala. 71, 108 So. 62); and the party having the custody of the infant by decree of the court pending appeal, becomes the agent of that court, and is subject at all times to the orders of that tribunal that the health and best interest of its infant ward be conserved pending the litigation and thereafter (Ex parte Roberts, 17 Ala. App. 538, 85 So. 871; Thomas v. State, Thomas v. Thomas, and Tillman v. Walters, supra).

When the petition, exhibits thereto, and answer of the respondent are considered, the court is of opinion that the rendition of the decree and proceedings thereto are reviewable by appeal.

The writ is therefore denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.