168 So.2d 233

Elbert C. DILLARD

v.

Mary Ellen Dillard ALEXANDER et al.

3 Div. 114.

Supreme Court of Alabama.

Aug. 27, 1964.

Rehearing Denied Nov. 5, 1964.

Gipson & Bridges, Prattville, Holley, Milner & Holley, Wetumpka, and Godbold, Hobbs & Copeland, Montgomery, for appellant.

204

Taylor & Newby, Prattville, for appellees.

SIMPSON, Justice.

Appeal by the respondent and cross-complainant from a decree of the Circuit Court of Autauga County, in Equity, wherein the court found that appellees and appellant were the joint owners of the subject real estate, each owning an undivided one-third interest subject to a mortgage, that the property could not be equitably divided or partitioned and that it be sold for division. The Register was directed to sell the real estate at public outcry for cash, after publication and to report after the sale. All questions relative to the distribution of the proceeds of the sale as pertaining to the respective shares of the owners, the amount due on a certain mortgage and attorney's fees and costs were reserved.

Appellant contends that he is the sole owner by adverse possession of the real estate in question; or that the record shows that the land could have been partitioned in kind and should not be sold for division; and assuming a sale proper then appellant should have been allotted the portions of said lands upon which he made major improvements and that the property should not be sold at public outcry as it would not produce maximum proceeds; and finally that the lower court committed reversible error in admission of oral testimony of appellant's offer contained in a letter to settle the lawsuit.

It appears from the evidence that J. W. Dillard died intestate in 1932, leaving surviving a widow, a son, and two daughters, the son and two daughters being parties to this lawsuit. Subsequently in 1941 the widow died. Therefore, the parties to this suit are tenants in common of the suit property, each deriving this claim from J. W. Dillard, unless appellant's claim of full title by adverse possession should prevail.

We now move to a consideration of each of appellant's contentions for a reversal.

■■■ While the evidence tended to show that appellant had been in exclusive possession of the suit property from approximately 1943, that appellant had by words and actions effected an ouster of the co-tenant appellees, that he had collected the rents and profits from the lands without an accounting to appellees, that he had made improvements on the land totaling some $11,000.00, had paid taxes on the suit property since the death of his father in 1933, with the exception of one year, the evidence was undisputed that the County Tax Assessor had since the death of J. W. Dillard assessed the taxes in the name of "J. W. Dillard Estate" on the assessment sheets. Appellant is relying on the portion of Title 7, § 828, Code of Ala. 1940, as amended, where, in lieu of color of title, listing of taxation of the real estate in the proper county for ten years prior to the commencement of the suit is the basis of adverse possession. Appellant has failed to satisfy this requirement of adverse possession. While it is the duty of the County Tax Assessor to assess property listed by the person in possession and claiming ownership, it does not devolve upon the tax assessor to determine for himself the title to such property.—State ex rel. Matson v. Laurendine, 199 Ala. 312, 74 So. 370. And real estate cannot be assessed to a deceased owner or his estate. McGowin v. Felts, 263 Ala. 504, 83 So.2d 228; Hames v. Irwin, 253 Ala. 458, 45 So.2d 281; Webb v. Griffin, 243 Ala. 468, 10 So.2d 458. Appellant had a remedy to correct the failing of the Tax Assessor by mandamus (see Matson case, id.) but did not seek to do so. He acquiesced in the listing of taxes in the "J. W. Dillard Estate", although he would have had a right to have the same assessed in his name if he had so requested.

This Court held in Jones v. Mitchell, 258 Ala. 651, 64 So.2d 816 that the listing of the land for taxation serves two purposes: first, to satisfy § 828, Title 7, supra; second, to be evidence of a claim of ownership and the extent of the possession.

To accede to a contrary rule would be to judicially abrogate the plain meaning of the statute (§ 828, Title 7) which this Court is not constrained to do. We, therefore, affirm the holding below that appellant did not own the full title to the property by adverse possession. Having so disposed of appellant's claim to the suit property by adverse possession, we move to a consideration of the other alleged errors occurring in the trial below.

■■■ Appellant strenuously argues that a sale for division should not have been ordered and that the land can be equitably divided in kind, without materially impairing its value and without prejudice to the rights of the appellees. Under our law a sale for division is not a matter of right, but will be ordered only if the facts in a particular case justify a sale on a showing that the land cannot be equitably divided without adversely affecting the rights of

the parties. Compton v. Simmons, 223 Ala. 352, 135 So. 570. This question is one of fact to be determined in each case. Inasmuch as there is evidence to support a finding that the total property cannot be equitably divided in kind we will not substitute our judgment for that of the learned trial judge. Gibson v. Anderson, 265 Ala. 553, 93 So.2d 692; Wiginton v. Milford, 271 Ala. 271, 122 So.2d 769.

The trial court made no finding on the question, however, of whether or not that portion of the property upon which appellant has made improvements could be set aside to him without prejudicing the rights of the other co-tenants. We are not convinced that it could not be done after a careful study of the evidence adduced at the trial of this case. We have long been committed (along with a majority of the jurisdictions of this country) to the proposition that where it can be done without injustice to the other tenants, the court will give the benefit of the improvements on the premises to the co-tenant who erected them, by allotting to him that portion of the land on which the improvements are situated: Hall v. Hall, 250 Ala. 702, 35 So.2d 681; Gordon v. McLemore, 237 Ala. 270, 186 So. 470. See also 68 C.J.S. Partition § 139. For a determination of this question, we are remanding this case to the trial court with directions to take such testimony as he deems necessary to an opinion as to whether such an allotment would adversely affect the rights of the appellees, consistent with our statement in Hall v. Hall, supra, 250 Ala. 705, 35 So.2d 683, viz.:

"We believe that the broad powers given by statute to a court of equity to be pursued on equitable practices would justify the court in allotting a part of the land to one tenant in common if he has improved it or there is some other special equitable reason for doing so, and if to do so would not affect the saleable value of the balance, and the balance could then be sold if it could not be equitably divided without

a sale. This is in line with the principle that if one tenant in common deals with the property as if he were the sole owner by erecting improvements on his own account without embarrassing his co-owners or any intention of gaining advantage, he will be allowed on partition to retain the improved part if that would not prejudice the rights of his co-owners."

Inasmuch as we believe that this case must be remanded for the reason just stated, we will state for the court's guidance that on a sale for division the land should be sold in such manner as will produce the highest possible sum for division. —Copeland v. Giles, 271 Ala. 302, 123 So. 2d 147. If the evidence indicates that a private sale would produce a higher sum, then that procedure should be preferred over a public sale. We believe that evidence on a retrial should be adduced on this point as well.

As to appellant's final contention, viz., that the lower court committed reversible error in admission of oral testimony of appellant's offer contained in a letter to settle the lawsuit when the letter was the "best evidence", we here invoke the rule of harmless error especially in view of the statement of the learned chancellor below in the decree, viz., "Now, upon full and careful consideration, the Court having considered only legal, relevant and competent evidence * * *". The rule of harmless error has its widest and most natural field of operation in trials without intervention of jury. Assuming that the admission of the oral statement was technical error such was harmless and without prejudice as the decree finds its support in the other evidence.

Affirmed in part and in part reversed and remanded with directions.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.