TORBERT, Chief Justice.
In this case a petition for writ of mandamus, or alternatively, a motion for a Rule 8(b) order, Alabama Rules of Appellate Procedure, was filed by William A. Kitchens and Gould H. K. Blair. Respondents are Judge William P. Powers of the Talladega Circuit Court, Shirley Horn Foote and Vicki Lynn Foote. We have closely examined all papers filed in this cause and conclude that petitioners have not presented a proper case for mandamus or relief under Rule 8(b), Alabama Rules of Appellate Procedure.
Prior to October 3, 1977 Kitchens served as executor of the estate of his sister, Mrs. Willie Beryl K. Potts. On that date, Judge Powers entered an order which removed Kitchens from that position and appointed Mrs. Shirley Horn Foote as executrix of the Potts estate. Judge Powers also directed Kitchens to transfer all estate records to Mrs. Foote within fourteen days of the date of the order. The new executrix was ordered to then “proceed immediately” to dispose of all estate assets.
The trial court order also stated that Mrs. Foote and her daughter, Vicki Lynn Foote, were the sole beneficiaries of the Potts estate. Judge Powers noted that the trial court had previously denied a Petition for Declaration on Intestacy and a Rule 54(b) motion, Alabama Rules of Civil Procedure, which had been filed by Blair who claimed to be a beneficiary under the Potts will.
Notice of appeal to the Supreme Court from the October 3rd ruling was filed by both Kitchens and Blair. In order to obtain a stay of the judgment pending the appeal to this court, the two men asked Judge Powers to set the amounts of the necessary supersedeas bonds pursuant to Rule 8(a)(3) of the Alabama Rules of Appellate Procedure. Such action was not immediately taken by Judge Powers. No written applications concerning the amount of the bonds were made by either Kitchens or Blair at that time.
On October 14, 1977 Kitchens and Blair filed a petition in this court for writ of prohibition, mandamus, or, alternatively, a motion for a Rule 8(b) order. This court then issued an order setting a hearing on the matter for October 17, 1977, and staying Judge Powers’ order.
Kitchens and Blair jointly filed an amended petition on October 27, 1977, asking for the writ of mandamus to compel Judge Powers to set the supersedeas bond amounts, or, alternatively, for an order from this court approving the bonds under Rule 8(b).
It is well-settled in this state that appellate courts may issue writs of manda *144 mus to lower courts to enforce the performance by them of particular ministerial duties. Alcoholic Beverage Control Bd. v. Taylor, 339 So.2d 66 (Ala.1976); Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948); Ex parte Wright, 225 Ala. 220, 142 So. 672 (1932). Petitioners contend that the writ should lie in the present case because, according to their analysis of the situation, Judge Powers has refused to prescribe the amounts of the supersedeas bonds in spite of his duty to do so under Rule 8(a) of the Alabama Rules of Appellate Procedure. We do not agree.
It is clear to this court that the relief sought by Blair arid Kitchens through mandamus has already been granted. We have before us two orders signed by Judge Powers which concern the bond amounts. Immediately following the hearing before this court on October 17, 1977, Judge Powers entered an order setting the amount of Blair’s supersedeas bond at $10,000.00. The second order, entered on October 28, 1977, set Kitchens’ bond at $35,000.00. The cause is thus moot and the petition for writ of mandamus must be denied. See State ex rel. Gallion v. Emmet, 285 Ala. 511, 234 So.2d 47 (1970); Carpenter v. State, 276 Ala. 695, 166 So.2d 423 (1964); Gamble v. State, 276 Ala. 72, 159 So.2d 70 (1963).
As previously stated, petitioners alternatively seek this court’s approval of the supersedeas bond amounts by motion under Rule 8(b), Alabama Rules of Appellate Procedure.
The last sentence of subdivision (a) of Rule 8 is as follows:
“In the event the clerk declines to approve the bond, or his approval is contested, the requirements of (b) below shall apply.”
We note in the present case that bonds in the amount set by Judge Powers have not been executed and tendered by Blair and Kitchens to the clerk of the trial court for the clerk’s approval — an obvious condition precedent to the application of provisions of Rule 8(b) according to the abovequoted sentence. Therefore, under the plain wording of the rule itself, petitioners’ motion for relief under Rule 8(b) is premature and must be denied.
Accordingly, the petition for writ of mandamus is denied. The motion for relief under Rule 8(b), Alabama Rules of Appellate Procedure, is denied.
WRIT DENIED.
MOTION DENIED.
BLOODWORTH, FAULKNER, EMBRY and BEATTY, JJ., concur.