Appellant appeals from a judgment of the trial court which: 1) granted Appellees' petitions for mandamus; 2) adjudged Appellant in contempt of court; 3) assessed a fine against him for civil contempt; and 4) appointed a temporary receiver to perform his duties. We affirm the judgment.
On December 27, 1978, Bullock County, Alabama, the City of Union Springs, Alabama, and the Bullock County Hospital Board filed petitions for writs of mandamus and other relief in the Circuit Court of Bullock County against James A. Carter, the Tax Assessor of Bullock County; Charles Boswell, as Commissioner of Revenue of the State of Alabama; and Tom Ventress, as Director of Finance of the State of Alabama. The petitions alleged that respondents had failed to perform certain of their duties with regard to the "assessment" of taxes in Bullock County. Subsequently, the court issued an alternative writ of mandamus directing respondents to perform their statutory duties with regard to the assessment of taxes or appear before the court showing cause why they should not.
On September 19, 1979, the City of Union Springs and Bullock County Hospital Board filed in the trial court a petition for a rule to show cause, for the appointment of a receiver, and for other relief. The pleading averred that Appellant had violated previous orders of that court. *Page 1370 
On November 19, 1979, after a report by the Department of Revenue, the court held Appellant in contempt, convened a grand jury for the purpose of investigating his performance as tax assessor, assessed a civil fine against Appellant as punishment for contempt, and appointed the Commissioner of Revenue of the State of Alabama as a temporary receiver.
I. Appellant's "Removal" as Tax Assessor.
Appellant argues that his "removal" from the position of tax assessor was improper. We disagree.
While Appellant cites various authorities to support his position, all are premised upon the assumption that he has beenremoved from office. This, however, is not the case. There is nothing in the record below or in any order of the trial court to indicate his removal from office. Indeed, the trial court's last order referred to Appellant as "the tax assessor himself."
Appellant seemingly equates the appointment of a temporary receiver with his being replaced or removed from office. While in fact his movements in and about that part of the Bullock County Courthouse known as the "Tax Assessor's Office" have been restricted by the court, Appellant remains as "tax assessor" of Bullock County. This case was founded upon a petition for mandamus, not quo warranto. The temporary restriction of Appellant's official activities is but an incident of the trial court's enforcement powers pursuant to its mandamus jurisdiction.
Additionally, Appellant suggests that the failure of the grand jury to return a bill of impeachment against him exonerated him of any culpability herein. Again, we are disinclined to agree. Impeachment and mandamus are not mutually exclusive remedies. We treat this issue further under Part III of the opinion.
II. Appellant's Fine for Civil Contempt.[1]
Appellant alleges that the trial court's action in attaching his salary as a fine for civil contempt was improper. Such assertion is without merit.
As tax assessor, Appellant had the duty of performing certain obligations imposed by statute. §§ 40-7-35 and 40-7-36, Code 1975. Without tax "assessment" there can be no tax "collection." Moreover, these are ministerial duties of the tax assessor. State v. Laurendine, 199 Ala. 312, 74 So. 370 (1917). As such, failure to perform them will support an action sounding in mandamus. Ex parte Wright, 225 Ala. 220,142 So. 672 (1932); Dillard v. Alexander, 277 Ala. 202, 168 So.2d 233
(1964). The initial pleading filed in the court below on December 27, 1978, alleged that Appellant had failed to perform these duties. This was more than three months after these duties were required by law to be performed. § 40-7-36, Code 1975.
Subsequent to hearings on October 23, 1979, and November 19, 1979, the trial court found that Appellant had failed to complete his duties as ordered by the court, and was, therefore, in contempt.
The failure to perform an act required by the court for the benefit of an opposing party constitutes civil contempt. Exparte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965); Ex parteGriffith, 278 Ala. 344, 178 So.2d 169 (1965), cert. den. subnom. Griffith v. Board of Commissioners of Alabama Bar,382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475 (1966). In such cases the court may exercise its power to punish the contemner or to compensate the injured party. Jim Walter Resources, Inc. v.International Union, United Mine Workers of America,609 F.2d 165 (5th Cir. 1980).
Appellant refers to the court's action as "garnishment" of his wages. However, *Page 1371 
only money in the hands of a third person is subject to garnishment. § 6-6-370, Code 1975. Bullock County, as Appellant's employer and a party to this suit, is not a third person within the meaning and intent of the statute.
Additionally, Appellant argues that the trial court's procedure violated 15 U.S.C.A. § 1673, or part of the Federal Consumer Credit Protection Act. This Act, however, is primarily directed at abuses of garnishment remedies by consumer financial lenders such as loan companies. Brown v. Liberty LoanCorporation of Duval, 392 F. Supp. 1023 (M.D.Fla. 1974). Assuming, arguendo, that the action taken by the court was garnishment, the federal statute remains inapplicable to the circumstances of the instant case.
III. Separation of Powers.
Appellant complains that the trial court's rulings infringed upon the separation of powers concept. This assertion lacks substance. The trial judge's orders were well within the limits of his authority. In addition to conserving the object at issue, a receivership is sometimes required to carry out the day to day function of an office or business. Glenn v. Martin,208 Ala. 247, 94 So. 351 (1922).[2]
We recognize and reaffirm the principle that the judiciary should exercise measured restraint in interfering with the affairs of public officials in the performance of their legally imposed duties. Here, however, the extremities of the tax assessor's dereliction, after repeated extensions of time and offers of assistance for corrective action, left the trial court with no alternative but to act with the degree of decisiveness demonstrated by the record before us. The tax assessor's total failure to perform his duties, which materially hampered legitimate and essential governmental functions of the county, may not have invoked the displeasure of the grand jury; but the grand jury's failure to return a bill of impeachment could not, of itself, render the court powerless to effect an appropriate remedy in the exercise of its inherent equity jurisdiction. We find no impropriety in the trial court's action under these circumstances.
IV. Sufficiency of the Evidence Below.
The trial judge below was the trier of fact and his conclusions should not be disturbed on appeal unless plainly erroneous. Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976);Maxwell v. City of Birmingham, 271 Ala. 570, 126 So.2d 209
(1961). His findings of fact, as a predicate for his rulings, are amply supported by credible evidence of record and are in keeping with cognizable principles of fairness and justice.
V. Authority to Appoint a Receiver.
Finally, Appellant contests the authority of the trial court to appoint a temporary receiver for the preservation of the records within the office of tax assessor. This action, in our opinion, was not improper.
The power of a court to appoint a receiver in a pending action is statutorily recognized (§ 6-6-620, Code 1975); and, generally, the exercise of such power rests within the sound discretion of the trial judge. C.E. Development Co. v.Kitchens, 288 Ala. 660, 264 So.2d 510 (1972); 75 C.J.S.Receivers § 16 (1952). This extraordinary remedy, however, should not be granted unless there is a clear legal right to be protected, no other adequate remedy, and a showing that the complainants will otherwise sustain irreparable damage. 75 C.J.S. Receivers § 9 (1952); Henry v. Ide, 209 Ala. 367,96 So. 698 (1923); Grand Lodge, K.P. v. Shorter, 219 Ala. 293,122 So. 36 (1929). *Page 1372 
Receiverships are equitable in nature. Once equity assumes jurisdiction of a cause, it may afford complete relief when it has jurisdiction on any ground. Billingsly v. Billingsly,285 Ala. 239, 231 So.2d 111 (1970); Lamar v. Lamar, 263 Ala. 391,82 So.2d 558 (1955). Our reading of the record persuades us that the trial judge's finding of the requisite conditions for appointment of a receiver is amply supported by credible evidence, and his rulings based thereon do not constitute an abuse of discretion.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
SHORES and BEATTY, JJ., dissent.
MADDOX and ADAMS, JJ., not sitting.
[1] Although we elect to address certain limited features of this aspect of the court's orders, we are not to be understood as overlooking or altering the general rule that orders of contempt are reviewable by way of appropriate extraordinary writ and not by way of appeal. Knight v. State ex rel. Butler,288 Ala. 428, 261 So.2d 750 (1972); Wetzel v. Bessemer BarAss'n., 242 Ala. 164, 5 So.2d 722 (1942).
[2] We are not unaware of § 174 of Art. 7 of the State Constitution which authorizes the legislature "to provide for the impeachment or removal" of certain public officers, or of §§ 36-11-1, 36-11-2, 36-11-3, and 36-11-4, Code 1975, which provide the procedures for such action. Because of our holding that neither the wording nor the legal effect of the trial court's order constitutes an impeachment or removal of the Appellant from his office as tax assessor, however, we pretermit discussion of this constitutional provision and the implementing legislation.