### LAUGHLIN et al. v. UNITED STATES ROLLING-STOCK CO.

(Circuit Court, S. D. New York.  September 28, 1894.)

**1. RECEIVER'S CERTIFICATES—NOTICE—LIEN.**

Where the receiver of an insolvent manufacturing corporation, without notice to its bondholders or general creditors, secured an order authorizing the issue of receiver's certificates, and issued such certificates, not for debts of the receiver, as such, but to creditors of the corporation for claims arising in the ordinary course of business prior to the receivership, *held*, that holders of such certificates were entitled to no priority, in the distribution of the assets of the corporation, over its other creditors, either secured or unsecured.

**2. ELECTION—EVIDENCE.**

Where a contract between a corporation and B. provided that if, after six months, B. still held certain stock, transferred on account of an indebtedness, and insisted on returning it, the corporation would accept it, and pay for it 90 per cent. in cash, and B., after the expiration of the six months, had collected dividends on the stock, and credited the stock to the corporation in statements of account, *held*, that these facts showed an election by B. to keep the stock in payment.

This was a suit in equity by Henry D. Laughlin and others against the United States Rolling-Stock Company, and is now heard on exceptions to the master's report.

Cravath & Houston, for complainants.

Seward, Guthrie, Morawetz & Steele, for defendant.

LACOMBE, Circuit Judge. Upon the argument two questions only were presented for the consideration of the court: First, whether the receiver's certificates are entitled to priority over the claims of other creditors, secured or unsecured; second, whether the receiver should have allowed a claim of Bement, Miles & Co. for $52,275.50.

1. As no brief has been filed in support of the contention of the holders of the receiver's certificates, it will be unnecessary to enter upon any extended discussion of the law or the facts involved in the first question. There is no pretense that any notice of application for the orders authorizing the issuing of these certificates was given to the bondholders or general creditors, whose rights are now claimed to be affected thereby; and the receiver and all to whom the certificates were delivered, therefore, took the risk of the final action of the court touching the priority of such securities when in the fullness of time an opportunity to hear all parties and persons interested should be afforded. Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 6 Sup. Ct. 809. As the certificates were none of them issued for indebtedness of the receiver as such, but were all turned over to creditors of the company for claims accruing prior to the receivership for goods sold to the company in the ordinary course of business or money loaned to it, or for salaries of its officers or fees of its counsel, there is no warrant in the authorities for giving them any priority either over secured or even other unsecured creditors. To do so would be grossly inequitable. Cases referred to on the argument, dealing with the administration of railroad receiverships, are of no application in the case at bar, where the insolvent is a private manufacturing corporation. Farmers' Loan & Trust Co. v. Grape Creek Coal Co., 50 Fed. 481. There is nothing in the orders heretofore made by the United States circuit court in Illinois which, either as an adjudication or as a matter of comity, should prevent this court from finally administering and distributing the assets in the hands of the receiver, according to these well-settled principles of equity jurisprudence. The Illinois court, on the contrary, has expressly inserted in its orders language which relegates all the questions raised upon the argument to this court for final decision. The master, therefore, under the terms of the order of reference, which required him to ascertain and report as to the respective priority of all claims, was not precluded by those orders from passing upon the priority of these receiver's certificates. As there is no good reason why the disposition of this question should be any longer delayed, and as the master has reported all the facts, the decree should adjudge that the holders of receiver's certificates are entitled to no preferential lien.

2. As to the claim of Bement, Miles & Co., an examination of the record affords no sufficient ground for reversing the finding of the master on the fundamental question of fact, viz. that the contract between the corporation and the firm, under which the stock was transferred on account of the indebtedness for machinery, provided that if, at the end of six months, it was still in the firm's hands, and

they should insist upon returning it, and taking 90 per cent. cash in its place, the corporation would accept it, and pay that sum. Waiving all question as to the validity of such a contract, the evidence in the case, which is barren of any suggestion as to an extension of the six months originally limited, and which shows the repeated collection of dividends, and the rendering of a statement of merchandise account showing a crediting of the stock to the corporation in settlement of the debt, satisfies me, as it did the master, that, upon the expiration of the six months, the firm elected to keep the stock as payment for the supplies they had furnished.

There is nothing in the proceedings before the Alabama court to prevent a final disposition of this question in this court. Those proceedings were wholly without notice to the other creditors, who here oppose the claim. Moreover, the Alabama court, as did the Illinois court, inserted, in the order whereby it transferred to the present permanent receiver all the property and effects of the corporation in the hands of the temporary receiver it had appointed, a clause providing for the payment of all liens lawfully created or imposed on the property by any order of its own, "as may be hereafter ordered or adjudged, this order being made without prejudice to any existing liens, and without prejudice to any objection or defense thereto." Evidently, the Alabama court did not undertake so to adjudicate upon the corpus temporarily in its hands as to cut off the rights of persons who had no opportunity to be heard before it.

The exceptions to this part of the master's report are overruled, and the claim disallowed. The receiver, however, should return to them the stock which, presumably, they gave up when they received the receiver's certificate.