[Nos. 8954, 8955.   Department Two.   June 23, 1911.]

L. F. BOOTHE, *Appellant*, v. SUMMIT COAL MINING COMPANY et al., *Respondents*.[1]

CORPORATIONS — ACTIONS BETWEEN STOCKHOLDERS—ACCOUNTING— RECEIVER—INJUNCTION. Where there was a deadlock between two equal stockholders of a corporation, an action to settle their rights, appoint a receiver, and wind up the corporation should be allowed to go to final adjudication before requiring a sale of the assets, unless necessity therefor exists; and it is error, upon appointing a receiver, to direct a sale and enjoin the parties from taking any steps in the proceedings to secure an accounting and determine the rights and equities of the parties.

SAME—RESCISSION—SALE OF PROPERTY — NECESSITY. Where an action is brought by one of two equal stockholders of a corporation, the plaintiff alleging his exclusion from control, and mismanagement and failure to account by the defendant, and a receivership and accounting is asked, it is error to order a receiver's sale of all the assets of the corporation, consisting of real estate and mining machinery, before the accounting is had and the rights and equities of the parties are adjudicated, where there appears no probable depreciation in the value of the property, especially where the defendant is indebted to the corporation, and has not made payments ordered by the court, and the plaintiff would be at a disadvantage in bidding at the sale until the purposes of the receivership have been accomplished.

Appeal from orders of the superior court for Kittitas county, Kauffman, J., entered June 18 and 24, 1910, grant-

[1]Reported in 116 Pac. 269.

ing an injunction and directing a receiver's sale of the property of a corporation, after hearings before the court. Reversed.

*Kerr & McCord*, for appellant.

*J. L. Corrigan*, for respondent Linden.

Crow, J.—This cause has heretofore been in this court on plaintiff's appeal, at which time we reversed a judgment of dismissal and remanded with instructions to appoint a receiver for the defendant corporation, to take an accounting between it and its stockholders, to require repayment by the defendant R. J. Linden of all salary received by him in excess of $125 per month and to wind up the business and dissolve the corporation. *Boothe v. Summit Coal Min. Co.*, 55 Wash. 167, 104 Pac. 207. After remittitur, the trial court appointed a receiver, who took possession of the assets and property of the corporation. By the order of appointment the receiver was directed to sell such assets and property. On application of the plaintiff, this order was modified by annulling, vacating, and setting aside that portion relating to and directing a sale, but at the same time the following order was entered:

"It is further ordered, adjudged and decreed that the above named plaintiff, his attorneys, agents, servants and all other persons whomsoever, be and they are hereby enjoined and restrained from commencing and prosecuting any action at law or suit in equity concerning or relating in anywise to the business or affairs of the Summit Coal Mining Company, and said plaintiff, his attorneys, agents and servants particularly enjoined and restrained from taking any steps and proceedings in this case until the further order of the court."

Some time after his appointment, the receiver made a written report, in which he listed the property, stated its condition, and asked an order directing its sale. All parties were thereupon notified to appear and show cause, if any they had, why an order of sale should not be entered. The

plaintiff appeared and filed written objections. Upon the hearing, evidence was admitted, the plaintiff's objections were overruled, and an order was entered directing the receiver to offer at public sale to the highest bidder for cash the assets and property of the corporation in one lot for a lump sum. The corporation books, its accounts, its bills receivable, and certain fixtures and furniture situated in its Portland office, were reserved from sale. The plaintiff, L. F. Boothe, has appealed (1) from the order of injunction, and (2) from the order directing the sale. These appeals, although taken separately, will be considered together.

The record shows the corporation to be solvent, free from indebtedness, and that the only parties interested in its property or assets are the appellant, Boothe, and the respondent R. J. Linden, each of whom owns one-half of its capital stock. Irreconcilable disputes and differences have arisen between these two stockholders. Linden, in possession by a subservient board of trustees, excluded Boothe from participation in the corporation or its affairs. The controlling purpose of this action is to secure an adjudication and settlement of the respective rights of these stockholders. A receivership was ordered in aid thereof, withdrawing the corporation and its property from the exclusive control of Linden, and placing it *in custodia legis*. There is no contention that the corporation is insolvent, or that it should for that reason be dissolved, and there is no reason why the parties in interest should not litigate the issues herein to a final adjudication of their respective rights and liabilities. Appellant insists respondent is indebted to the corporation, that he has been guilty of mismanagement, and that he has failed to properly account. The appointment of a receiver is not the only relief sought by appellant, nor is it the controlling one. He seeks an accounting, and should be permitted to proceed with the prosecution of this action until it is obtained. The trial court therefore erred in entering the restraining order.

Appellant, in his written objections to the proposed order of sale, contends the corporation has no debts, that the relative interests of Linden and himself are practically the same as those of partners; that no rights of third parties are involved; that no necessity exists for an immediate sale; that it will be detrimental to appellant's interests to sell before an accounting; that Linden should be required to pay to the corporation any indebtedness that may be found to be due from him; that he has not complied with the order of this court requiring him to pay to the corporation or its receiver excess salary which he has drawn; that the receiver has failed to collect the same; that if a sale be made prior to any accounting, Linden will be the only bidder, he having the advantage of retaining moneys due from him to the corporation; that appellant will be at a disadvantage and unable to bid the true value of the property; that appellant has been enjoined and restrained from enforcing an accounting; that the receiver has enforced none; and that, if Linden be required to pay to the receiver such sums as are due from him, one-half thereof, subject to the expenses of the receivership, will become available to the appellant, who will then be in a position to bid at a public sale and force the property of the corporation to sell for a sum commensurate with its value.

The receiver and respondent Linden introduced evidence to show the mine had been shut down and was idle; that all machinery and other personal property of the corporation had been carefully stored, but that they would all depreciate in value unless an early sale be made. From all the evidence, we conclude no probable depreciation in value of the property sufficiently appears to require a sale at the present time, to avoid material loss. The question before us is whether a sale should be ordered prior to an accounting by which it may be determined what indebtedness, if any, is due from Linden, or prior to repayment of the excess salary drawn by him. In other words, should a sale be made until it becomes necessary

to effect a final dissolution and distribution, according to the ascertained interests of the respective parties.

"Ordinarily a receivership should be terminated as soon as practicable after its purposes have been accomplished, and in proceedings in which the main object is the conversion of assets into money and its distribution among those entitled thereto, the court has undoubted power to order a sale of the property whenever it appears proper or necessary in order to preserve the assets and protect the rights of the parties, and this although the conflicting claims to liens and priorities have not been adjudicated. The order is one resting in the sound discretion of the court—a judicial discretion, however, not arbitrary, but impartial, to be exercised in obedience to the rules of law. But it is not proper to order a sale and distribution at a preliminary stage of the suit when the cause is not ready for determination on the merits, or in the order of appointment at such preliminary stage to settle the principles of the cause and order distribution; . . ." 34 Cyc. 310.

The primary purpose of this receivership is not to take possession of the corporation property for an immediate sale, but to hold, conserve, and protect it pending the principal litigation, and until such time as the issues and controversies arising between the parties may be finally determined. No insolvent corporation is here involved. A court of equity, holding property by its receiver, may in its discretion direct a sale prior to final adjudication, when the property becomes liable to loss or material depreciation. The property here involved is a coal mine, consisting of real estate and machinery. A receiver appointed to take charge of property, particularly real estate, should ordinarily be directed to hold, care for, and preserve the same until the issues in the receivership action are finally determined. Conditions sometimes arise under which it becomes necessary and proper to direct an earlier sale to preserve the interests of the parties and do equity, but no such conditions are here shown. In making any order of sale, however, the court should, as nearly as possible, ascertain and preserve rights and equities of the parties, so that

one of them may not obtain any undue advantage. Ordinarily a sale should not be made until the various issues arising between the parties have been finally adjudicated and determined. Mr. Pomeroy, at § 209, vol. 1, of his Equitable Remedies, being vol. 5 of his work on Equity Jurisprudence, says:

"When the interests of the parties demand it, or make it desirable, the court may order a receiver to sell the whole or a part of the property. What facts are sufficient to induce the court to make such an order must of necessity vary with the circumstances of each particular case. When it appears that affairs are rapidly growing worse under the receiver's management, and a majority of those interested believe a sale to be desirable, it may be ordered. On the other hand, when the condition of the property is such that an immediate sale will result in a great loss, and where the purposes of the receivership have not been accomplished, the order will be refused."

We do not find in the record before us any circumstances, facts, or conditions requiring a sale of the assets of this corporation prior to such time as an accounting may be had, and the several parties have been required to pay or secure such sums as may be due from them to the corporation. The orders granting the injunction and directing the sale are reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Dunbar, C. J., Chadwick, and Morris, JJ., concur.