(Supreme Court, Special Term, Westchester County. September 18, 1911.)

RECEIVERS (§ 128*)—CERTIFICATES OF INDEBTEDNESS—PRIORITY OVER BOND-HOLDER'S MORTGAGE.
  The court has no power to make certificates of indebtedness issued by the receiver of a private corporation a lien upon its realty prior to an existing mortgage securing bonds.
  [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 128.*]

In the matter of the voluntary dissolution of the Westchester County Brewery. On a receiver's application to issue certificates of indebtedness. Application denied.

Sydney A. Syme, for petitioner.
Hays, Kaufmann & Lindheim and Julian G. Roberts, for creditors.
Holmes, Rogers & Carpenter, for trustee.

TOMPKINS, J. The temporary receiver appointed in this proceeding, which is for the voluntary dissolution of a private business corporation, instituted by the directors thereof, now applies to the court for leave to issue certificates of indebtedness to enable him to raise money with which to advance to the customers of said corporation the license fees which they are required to pay to the state excise department, to enable said receiver to continue the business of said corporation pending these proceedings, and with which to pay the interest which is past due upon the bonds of said corporation, and the temporary receiver asks that such certificates of indebtedness be made a first lien upon the property and assets of said insolvent corporation. This motion is practically consented to by counsel representing a

large number of creditors and bondholders, but is opposed by counsel representing the Empire Trust Company, which is the trustee for the holders of the bonds of the said corporation, and as such trustee has a mortgage upon the real estate of said corporation, and the question now presented is as to the power of this court to issue certificates of indebtedness and make them prior liens to the trustee mortgage. There seems to be no reported decision on the question in this state.

The court undoubtedly has power to authorize the issuing of certificates of indebtedness by a receiver of a private business corporation; but I have reached the conclusion that the court has no power to make such certificates of indebtedness a lien upon the real property of the corporation ahead of a mortgage which is held by a trustee to secure bondholders.

This motion was argued this morning, and counsel united in asking for an immediate decision, and for that reason I cannot give reasons for my conclusion. I am satisfied, however, that the lien of the mortgage cannot be disturbed, or the rights of the bondholders interfered with, or their security lessened, by making certificates of indebtedness a prior lien upon the real estate. The decisions in the cases of public service corporations do not apply.

I must therefore deny the motion, for lack of power to grant it, unless the bondholders, or some one duly authorized to act for them, consent to the making of such an order.