### WABASH R. CO. v. WEST SIDE BELT R. CO.

(District Court, W. D. Pennsylvania. June 26, 1912.)

No. 7.

1. RECEIVERS (§ 131*)—PAYMENT OF CLAIMS—SALES.

Where a contractor constructed a part of a railroad wholly within Pennsylvania and obtained a judgment in the state court determining the priority of his lien under Pennsylvania acts, the court would, on his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

application, order a sale of the property of the railroad company in the hands of receivers for more than four years, in the absence of a prompt reorganization of the company.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 227; Dec. Dig. § 131.*]

2. COMMERCE (§ 27*)—CONSTRUCTION—LIENS.

The construction and operation of a railroad wholly within a state is subject to the laws of such state, though it is so connected as to form practically a through line of railroad from a point in the state to a point outside of the state.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

In Equity. Action by the Wabash Railroad Company against the West Side Belt Railroad Company. Application of the Pittsburgh Construction Company for an order directing the sale of the property and franchises of defendant. Granted.

Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., for Pittsburgh Const. Co.

Patterson, Sterrett & Acheson, of Pittsburgh, Pa., for receivers and West Side Belt R. Co.

William I. Berryman, of Pittsburgh, Pa., for Union Trust Co., trustee.

ORR, District Judge. This matter comes before the court upon the application of the Pittsburgh Construction Company for an order directing the sale of the railroad, corporate property, rights, and franchises of the defendant. The Pittsburgh Construction Company is a corporation which under a contract with the defendant company constructed a large portion of defendant's railroad. For the work and labor done and materials furnished in and about said construction the said contractor has a judgment of the state court in the sum of $432,154.24, to which sum, with interest thereon from August 20, 1910, the Pittsburgh Construction Company is entitled.

[1] The relation of the lien of the said contractor to the other liens upon the property of the defendant company may be ascertained by reference to the legislation of Pennsylvania and to the proceedings resulting in the judgment aforesaid. The Legislature of Pennsylvania, by a general resolution entitled "A resolution to protect laborers and contractors," approved January 21, 1843 (P. L. 367), provided that it shall not be lawful for any corporation incorporated by the laws of Pennsylvania, and empowered to construct, make, and manage any railroad, while the debts and liabilities, or any part thereof, incurred by said company to contractors, laborers, and workmen employed in the construction or repair of said improvement remain unpaid, "to execute a general or partial assignment, conveyance, mortgage or other transfer, of the real or personal estate of the said company, so as to defeat, postpone, endanger or delay their said creditors," without their written assent, and that "any such assignment,

conveyance, mortgage or transfer shall be deemed fraudulent, null and void as against any such contractors, laborers and workmen, creditors as aforesaid."

Subsequently, the Legislature of Pennsylvania, by act of April 4, 1862 (P. L. 235), as a supplement to said resolution, provided that when any incorporated company, subject to the provisions of said resolution, should divest themselves of their real or personal estate, contrary to the provisions of said resolution, it should be lawful for the contractor employed in the construction of improvements of said company, and having obtained judgment against the company, to issue a scire facias upon said judgment, with notice to any person or to any incorporated company claiming to hold or own said real or personal estate, "as in other cases of scire facias on judgment against terre tenants." In Fox v. Seal, 22 Wall. 424, 22 L. Ed. 774, it was held that, under the joint resolution of 1843 above quoted, a contractor employed in the construction of a railroad in Pennsylvania has a lien of indefinite duration on such road, which lien has precedence over every right which can be acquired by or under any mortgage made after the debt to the contractor was incurred, and that such lien is not merged in any judgment obtained by the contractor against the company for his debt, nor by any proceedings in or judgments in scire facias upon such judgments, and further that notice need not be given to a mortgagee as terre tenant upon a scire facias brought by the contractor. The contractor in this case first furnished labor and materials for the building and construction of said railroad on May 20, 1901, and furnished the last thereof on June 11, 1903. From the date last mentioned down to the present time, the contractor has been endeavoring to collect the moneys owing by the defendant company by reason of the performance of the work and the furnishing of the materials.

Prior, however, to the commencement of the work by the contractor, the defendant company, on September 1, 1897, had executed and delivered to the Union Trust Company of Pittsburgh, trustee, a certain mortgage or deed of trust, recorded in the recorder's office of Allegheny county, in Mortgage Book, vol. 837, p. 1, to secure an issue of bonds in the amount of $1,000,000, of which there are now outstanding bonds of the par value of $383,000. The lien of this mortgage is prior to the lien of the said contractor. On the 1st of July, 1902, the defendant company executed and delivered to the Colonial Trust Company, trustee, a certain mortgage or deed of trust recorded in the said county in Mortgage Book, vol. 1047, p. 1, to secure a large issue of bonds. This mortgage, however, is subsequent in lien to that of the contractor's judgment in this case, and that the contractor's lien had priority was judicially determined in the proceedings in the state court upon a scire facias to revive and to continue the lien of the contractor et quare executionem non, to which proceedings the Colonial Trust Company, trustee, was a party. A further lien was imposed by order of court upon the issuance of receivers' certificates to the extent of $700,720; but whether those certificates can be made a prior lien to the lien of the contractor, as cre-

ated and defined by the laws of Pennsylvania, need not now be determined, because counsel for the contractor expressly consented that, if an order be made for the sale of the property, the order should contemplate that the lien of such certificates should be prior to the lien of the contractor.

Receivers were appointed for the West Side Belt Railroad on the 22d day of June, 1908, more than four years ago, and they have been managing the road ever since. On September 23, 1911, the contractor presented its petition to this court and procured a rule upon the defendant company and its receivers and the trustees under the several mortgages above mentioned, to show cause why this court should not order a sale of the railroad, its corporate property, rights, and franchises for the purpose of raising money with which to pay its indebtedness. The contractor's petition at that time was denied, with leave, however, to renew the same by motion at any time after six months. The motion has been renewed and is now before us. The prior application, as well as this, was vigorously opposed. Movements looking toward reorganization have been begun, but have not been completed. At the time the prior application was made it was intimated that reorganization was well in hand, and that induced the court, among other things, to withhold an order for sale at that time. There is nothing sufficiently definite in the present situation to lead the court to believe that except for lapse of time reorganization is nearer than it was at the time of the action upon the prior application for sale. Complications have arisen especially with respect to other railroads with which the West Side Belt Railroad is so connected as to form practically a through line of railroad from Pittsburgh to the Great Lakes. It is not necessary to give the details of these complications.

[2] The West Side Belt Railroad is wholly within the state of Pennsylvania. In its construction and operation it was subject to the laws of Pennsylvania alone. However valuable its connections may be to it, it should not be withheld longer from its creditors, and especially from the contractor whose position is perhaps equitably higher than that of mortgage creditors. As we have seen above, the state of Pennsylvania has endeavored to protect a contractor and thereby place him upon a somewhat higher plane. Again, the contractor as a creditor differs from mortgage creditors in that he is not an investor, while the latter usually are. The contractor has a right to assume that he will be promptly paid for his labor and materials, in order to furnish which in these days of extended credit he may have incurred large and pressing indebtedness. To ask a contractor to wait nine years, as in this case, is unreasonable and inequitable.

There is another phase of the case that strikes us forcibly. The receivership has been in existence for a period of four years, and, if a sale be refused at the present time, may be continued indefinitely by reason of the failure of plans for reorganization. In the case of Taylor v. Phila. & Reading Ry. Co. (C. C.) 9 Fed. 1, Judge Butler expressed himself as follows:

"The modern practice, prevailing to some extent, of transferring corporate property to the custody of the courts, to be thus held and managed for an

indefinite period of years, to suit the convenience of parties (whereby general creditors are kept at bay), I regard as a mischievous innovation."

Judge McKennan in the same case said:

"We hold the property of the railroad company to preserve it—to keep it in its present condition while the proceedings under the bill of foreclosure are being prosecuted to their termination. * * * The property should pass, with as little delay as is reasonably practicable, into the possession and control of owners who will best be able to determine how it should be managed and what measures relating to it are most likely to promote their interests."

In the Metropolitan Railway Receivership, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403, the Supreme Court expresses the view that a court is a very unsatisfactory body to administer the affairs of a railroad as a going concern, and that the possession of such property by the court, through its receivers, should not be unnecessarily prolonged. Other courts and judges have expressed the same view. A court should be careful to refrain from exercising its equity powers in such a way as to oppress a creditor of a corporation or delay unnecessarily his right to recover.

There is no reason for longer withholding the application of the Pittsburgh Construction Company, and an order will be made that the receivers sell the railroad of the West Side Belt Railroad Company, its corporate property, rights, and franchises, for the purpose of raising money with which to pay its indebtedness. This order should contain such provisions as to notice and terms of sale as may be proper in view of the foregoing opinion. The court has no doubt that the counsel for the receivers and counsel for the Pittsburgh Construction Company can agree as to the form of the order. If they do not, an application may be made to this court by either upon notice to the other.