(November 1, 1918.)

J. M. STEVENS, Respondent, v. THE EVENING COURIER, a Copartnership, EDGAR A. COOKE and RICHARD DUNGAN, Respondents, JOSEPHINE ANTHES, Intervenor-Appellant, and FIRST NATIONAL BANK, Intervenor-Respondent.

[175 Pac. 964.]

RECEIVER—INDEBTEDNESS FOR CARRYING ON BUSINESS—PRIOR LIENS.

A court of equity has not the power to authorize a receiver to incur indebtedness in carrying on a private business, and to make the same a first and paramount lien upon the *corpus* of the property, superior to that of prior lienholders, without their consent.

[As to power of receivers to create liens, see note in 83 **Am. St.** 72.]

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action for dissolution of partnership and for appointment of receiver with power to conduct the business of the firm. Judgment decreeing holder of a debt created by a receiver entitled to priority over prior recorded mortgage. Mortgagee appealed. *Reversed.*

C. R. Clute, Holden & Holden and Jas. B. Bacon, for Respondent J. M. Stevens, John W. Jones, for Respondents Edgar A. Cooke and Richard Dungan, and C. S. Beebe, for Respondent Richard Dungan, file no briefs.

Terrell & Terrell, for Appellant.

"A court of equity has no authority to place its receiver in charge of property and operate the same, carrying on a general mining business, and when it turns to be at a loss, as is likely to be the result in such cases, charge the same up as a preferred claim and lien against the property to the prejudice and loss of prior recorded liens upon the same

property.'' (*Dalliba v. Winschell,* 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107; *Cronan v. District Court,* 15 Ida. 184, 96 Pac. 768; *International Trust Co. v. Decker Bros.,* 152 Fed. 78, 81 C. C. A. 302, 11 L. R. A., N. S., 152.)

Even in suits against railroads and other *quasi*-public corporations for the appointment of a receiver, and for the issuance of receivers' certificates to have preference over existing liens, such lienholders must be before the court, they must be a party to the action or proceeding, they must have a day in court, before their liens can be succeeded by the liens of the receivership. (*American Trust & Savings Bank v. Mc-Gettigan,* 152 Ind. 582, 71 Am. St. 345, 52 N. E. 793; *Bibber-White Co. v. White River Valley Elec. R. Co.,* 115 Fed. 786–790, 53 C. C. A. 282.)

RICE, J.—This action was commenced for the dissolution of a partnership and the appointment of a receiver to continue the publication of the ''Evening Courier,'' a newspaper published at Blackfoot. A receiver was appointed by order of the district judge, with authority to receive and take possession of all stock in trade, books and property of every nature belonging to the partnership, and also to continue the business of the said firm in publishing the newspaper and to transact all business necessary and incident thereto. Subsequently, upon petition, the receiver was authorized and empowered by the district judge to borrow the sum of $500 for the purpose of carrying on the business, with a provision in the order that the loan when so made should be declared to be a preferred claim against the estate and business and the property thereof. The property was encumbered by a chattel mortgage, duly filed and recorded. The mortgagee was not a party to the proceeding resulting in the appointment of the receiver. She intervened in the action and sought to foreclose her mortgage. The banking corporation from whom the loan was obtained by the receiver, under the order above mentioned, also intervened and asked to have the amount due it declared a prior lien upon the assets of the firm.

Judgment was entered for the foreclosure of the mortgage, and declaring that the lien of the mortgage was inferior and subordinate to the claim of the banking corporation. From this judgment the mortgagee appealed.

In the case of *International Trust Co. v. United Coal Co.*, 27 Colo. 246, 83 Am. St. 59, 60 Pac. 621, it is said: "After a careful consideration of all the authorities cited, we are of the opinion that, in administering the affairs of an ordinary insolvent private business corporation, for which a receiver has been appointed, a court of equity has not the power to authorize the receiver to incur indebtedness for carrying on the business, and to make the same a first and paramount lien upon the corpus of the property, superior to that of prior lienholders, without their consent."

This court has announced the same doctrine. (*Dalliba v. Winschell*, 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107; *Cronan v. District Court*, 15 Ida. 184, 96 Pac. 768. See, also, *International Trust Co. v. Decker Bros.*, 152 Fed. 78, 81 C. C. A. 302, 11 L. R. A., N. S., 152.)

The judgment is reversed. Costs awarded to appellant.

Morgan, J., concurs.

Budge, C. J., being disqualified, took no part in the opinion.