(94 South. 351)

GLENN et al. v. MARTIN et al. (6 Div. 534.)

(Supreme Court of Alabama. Oct. 12, 1922.)

Receivers ⚖=92—Order held to authorize operation of plant.

An order, authorizing a receiver to pay off all rent liens on the property of the corporation for which appointed, and to pay for and install machinery for "operation" of its plant, and to preserve and care for the property, held to authorize operation of the plant and the employment of the proceeds of receiver's certificate for that purpose.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Thomas Martin and others against W. B. Glenn and others, for appointment of a receiver of the Peanut Products Corporation. From a decree confirming the report of the register, W. B. Glenn and the First National Bank of Enterprise appeal. Affirmed.

W. W. Sanders, of Elba, and Thomas J. Judge, of Birmingham, for appellants.

Counsel argue that the trial court erred in overruling exceptions of appellants to the report of the register, but without citation of authorities.

C. B. Powell, of Birmingham, for appellees.

The question of denial of compensation to the receiver on account of bad faith is a judicial question, for the chancellor. 195 Ala. 620, 71 South. 430. In a controversy affecting the claims of a receiver for fees and expenses, or involving him in personal responsibility, he is a necessary party. 94 Ala. 353,

10 South. 442; 182 Ala. 372, 62 South. 730, Ann. Cas. 1915D, 801.

McCLELLAN, J. The assignments of error, considered in the light of the most general argument in brief for appellants, restrict review on this appeal to a narrow compass. The appellants are W. B. Glenn and the First National Bank of Enterprise. The only contention, it seems, is that the court erred in confirming the register's report on reference stating the account of Charles D. Quick in respect of his acts as receiver of the Peanut Products Corporation, to do which required the overruling of the exceptions of the appellants to this report of the register.

Two propositions only are urged in the brief for appellants. It is first insisted that the receiver disregarded the direction of the court in employing the proceeds of receiver's certificates, authoritatively issued and sold by him, in operating, with ultimate loss, the Birmingham plant of the concern; whereas, it is contended, the decree of July 27, 1920, directed the receiver to therewith "pay off all rent liens on the property of the corporation at Birmingham," and to pay for and install the machinery and material for *operation* of the Birmingham plant, and to "care for and preserve the property *as set out in said report.*" (Italics supplied).

The receiver's report to which reference is made in the italicized words ante is not in the transcript. In the brief for appellants, allusion is made in this connection to the report on transcript pages 10–14; but that report was filed several months after the decretal order quoted was entered. From recitals in the decretal order of July 27, 1920, it appears that the receiver's report to which the italicized words in the decretal order refer invoked the court's authority to issue receiver's certificates "to put the Birmingham plant in *operation* at once, and to pay the balances for machinery and material described in the report *as needed for operations*" (Italics supplied). In the state of the record and in view of the language quoted from the decretal order of July 27, 1920, it cannot be affirmed that the receiver was without authority to expend the proceeds of the sale of certificates in the *operation* of the Birmingham plant. Even the direction of the court, in that order, with respect to the use of the funds, is subject to the construction that provision for *operation* of the Birmingham plant was made; and when that expression of intent is considered in connection with the reference to the report, thereby making the report a part of the decretal order, it is not reasonable to conclude that the use of the proceeds the receiver made, in so far as *operation* of the Birmingham plant was concerned, was a violation of the court's direction, much less a flagrant

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes

disobedience of its command. If, as appears, the *operation* of the plant was contemplated by the decretal order of July 27, 1920, the fact, and its consequences, that the business was conducted at a loss should not be visited upon the receiver whose services, the court below properly concluded from the evidence, were characterized by good faith and diligent endeavor.

The other contention is that, in operating the Birmingham plant of the Peanut Products Corporation, the receiver improperly used the proceeds of the sale of the Enterprise plant of the Peanut Products Corporation which "less the costs and expenses of said sale and of preservation of said property," was constituted by the decretal order of July 27, 1920, "a fund for the payment of the creditors" of the corporation, "or such of said debts as are not fully secured, to be distributed under the final or interlocutory decree of the court, when said debts are ascertained and ordered paid." The brief for appellant contains no definite reference to the particular parts of the voluminous evidence upon which this contention is founded. Consideration of the whole evidence does not warrant this court in the conclusion that would sanction the charge that the receiver used the net proceeds of the sale of the Enterprise plant, after making the deductions authorized in the last quoted provisions of the decree, in operating the Birmingham plant.

The only two contentions made are not sufficiently justified or supported to warrant reversal of the decree assailed. It is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes