STATE ex rel. DEAN AUTOMATIC TELEGRAPH COMPANY et al., Petitioners, v. ALLEN C. SOUTHERN, Judge, et al., Respondents.*

Kansas City Court of Appeals.   November 10, 1924.

1. **CORPORATIONS: Receivers: Sales: Jurisdiction: Court Not Deprived of Jurisdiction to Order Sale by Receiver of Assets Which Were Depreciating in Value Though Bill for Appointment of Receiver Did Not Pray Therefor.** The fact that original bill for appointment of receiver did not pray for order of sale of property did not deprive court of jurisdiction to order sale of assets which were depreciating in value and unnecessary to the conduct of the business, particularly where the order expressly exempted from sale patents constituting the valuable assets.

2. **RECEIVERS: Sales: Court May Order Sale by Receiver of Property in Order to Preserve Best Interests of All Concerned Though no Request Was Made for Sale in Petition for Receivership.** Where property is in hands of receiver of a going business concern losing money, court may, upon application for order of sale and hearing thereon, order receiver to sell property in order to preserve the best interests of all concerned though no request was made for a sale in the petition for receivership.

3. **COURTS: Liens: Ordinarily Lienholder Must Enforce Rights in Court Appointing Receiver but Rule Has no Application Where Judgment Charges Specific Lien.** Ordinarily a debtor, or even a lienholder, must enforce his rights in the court appointing the receiver, but such rule has no application where a judgment charging a specific lien has been obtained.

4. **RECEIVERS: Sale by Receiver is Proper Where Property About to be Sold on Execution is Worth More Than the Execution Debt.** Sale by receiver is proper where the property is about to be sold on execution and is worth much more than the execution debt.

---

*Headnotes 1. Receivers, 34 Cyc., p. 310; 2. Receivers, 34 Cyc., p. 313; 3. Receivers, 34 Cyc., p. 228; 4. Receivers, 34 Cyc., p. 310.

State ex rel. v. Southern.

Original Proceeding in Prohibition.

WRIT DENIED.

*Charles E. Summers* for petitioners.

*Dickinson & Hillman* for respondents.

TRIMBLE, P. J.—This is an original proceeding in prohibition. Petitioners seek to prevent Hon. Allen C. Southern, one of the Judges of the Jackson county circuit court, from doing certain acts hereinafter mentioned, which are alleged to be beyond his jurisdiction, because not within the pleadings of the case in which the acts are proposed to be done.

It seems that the Dean Automatic Telegraph Company is a corporation owning, among its other assets, a patent for the better sending of telegraphic dispatches, the device being so arranged that the message sent is written out on a typewriter machine and as this is being done, an automatic machine at the receiving station records or writes out the message so that the same is ready for delivery. This patent is said to be one of great value.

At the June Term, 1924, several stockholders of the Dean Automatic Telegraph Company brought a suit in equity for and in behalf of themselves and all other stockholders, alleging among many other things that said corporation entered into a contract with the American Trading and Securities Company to act as the former's fiscal agent in various of its corporate affairs; that the affairs of said corporation have been mismanaged, and the Trading and Securities Company has violated its contract, and praying for an injunction forbidding many specified acts, and further praying that "a receiver be appointed by the court to take charge of the business, effects, property, moneys, books, papers, patent papers, plans, specifications and drawings of every kind and char-

acter belonging to the said Dean Company, to collect and preserve its property and effects, and to manage its affairs under the orders of this court  . . ."

On the 15th of March, 1924, the court issued a temporary injunction and on April 21, 1924, appointed a temporary receiver (which appointment was afterwards, upon a hearing, made permanent), and said receiver duly qualified and took charge of all of the affairs and assets of said Dean Automatic Telegraph Company. At the hearing on which the appointment of the receiver was made permanent, the court found that one of the defendants was in possession of certain of the property of said corporation including "mechanical devices, plans, specifications and blue prints, *patents* and papers pursuant to procuring patents," etc., and ordered him to turn it all over to the receiver, who was ordered to assemble and hold the same together with all machines constructed by said Dean Automatic Telegraph Company.

The receiver duly filed a petition for order of sale in which was contained an inventory of all property of said corporation which had come into his hands consisting of a lot of tools, machinery and furniture, and stating it was kept in a certain storeroom the rental of which was $175 per month; that the machinery was depreciating and decreasing in value; that no accounts or moneys owing to, or owned by the corporation had been discovered or received, and no money on hands to pay debts, and praying for an order of sale of "the above-mentioned machinery and personal property." A motion was filed by those who are petitioners herein for the writ of prohibition, opposing the sale of said property which motion the court heard and overruled.

The court then found that the personal property listed in the receiver's application for sale belonged to the Dean Automatic Telegraph Company; that the receiver had no means with which to pay rents or debts, that expenses are accumulating on account of said assets, that they are deteriorating and there is no need of

said assets, and they, therefore, should be sold. Where-fore an order of sale was made directing the receiver to "sell all of the property listed in the inventory *except* the corporate records, stock books and seal, *patents*, blue prints, plans and specifications and automatic tele-graph machines or parts thereof, at public sale," etc.

On the 6th of October, 1924, the receiver acting un-der said order of sale, and in accordance with all the terms thereof, sold said assets for $1400 and was about to report said sale to the court for approval, when pe-titioners applied to, and obtained from, one of the Judges of this court in vacation, a provisional writ of prohi-bition preventing Judge Southern from approving said sale or from exercising such alleged excessive jurisdic-tion "and from taking any further cognizance of said suit except to wind up the said receivership and dis-charge him, and to deliver over to the corporation all the assets of said corporation."

The writ issued was made returnable to our court on October 9, 1924, and on that day the parties appeared, filed return to the writ, motion to quash and motion for judgment on the pleadings; and after oral argument and briefs thereon submitted the cause.

In the oral argument before us, petitioners for the writ apparently entertained the idea that the court was ordering the *patent* sold and, this being of great value, the very object and purpose of the receivership would be defeated by the sale in question since the object of the equity suit was to prevent the patent and the rights there-under from falling into other hands and be lost to the corporation by sale or otherwise. But the most casual glance over the record will disclose that not the patent nor the machines made thereunder are ordered sold, but only certain tools and machinery specified in the petition for an order of sale, which the court finds are deteriorat-ing and which are not needed to be kept, and that the patent itself and papers thereof and the machines made

thereunder are expressly exempted from sale, and no power has been granted to sell them.

But aside from this, we do not think the mere fact that the original bill in equity for the appointment of re- ceiver does not pray for an order of sale of the property, deprives the court of any jurisdiction to order the sale which was ordered upon a petition for that purpose filed by the receiver and based upon the facts found by the court. "A court of equity appointing a receiver to take possession of property, pending litigation concerning the rights of the parties thereto, is vested with the power of selling the property in the receiver's hands whenever such course becomes necessary to preserve the interests of all parties. Thus in an action to determine the rights of conflicting claimants to a steamboat which was placed in the hands of a receiver *pendente lite,* and was oper- ated under his direction for two years, the court, upon being satisfied that it was highly inconvenient and unfit to continue in possession and operate the boat for a long- er period, ordered it sold, although the bill on which the receiver was allowed was not framed for the purpose of effecting a sale." [High on Receivers (4 Ed.), sec. 192.]

Where property is in the hands of a receiver which belongs to a going business concern and is losing money or causing a loss thereof, there is no doubt that the re- ceiver, under a proper finding and order, made on an application for an order of sale and hearing thereon, has power to sell the property in order to preserve the best interests of all concerned although no request was made for a sale in the petition for the receivership. It is true, a receiver that acts as a *mere* stakeholder to pre- serve the assets of the corporation during the pendency of litigation usually has no power to sell the property of the corporation. [34 Cyc. 310; Matthews v. Cooper, 21 N. Y. Supp. 71.] But this receiver was appointed to manage the affairs of the corporation and a sale of a *part* of the assets of a corporation under an order of court on an application for an order of sale and a hear-

ing, may often be the very best way of preserving the rest of the assets of the corporation for the benefit of the owners thereof. The petition for the writ does not disclose sufficient facts to show that the sale ordered was not necessary to preserve the other assets. While ordinarily a debtor, or even a lienholder, must enforce his rights in the court appointing the receiver (Notes to American Bank v. McGetlegan, 71 A. S. R. 352-384), yet this is not true where a judgment charging a specific lien has been obtained; and a sale by the receiver is proper where the property is about to be sold on execution and is worth much more than the execution debt. [Hardware Building Co. v. Building Co., 132 Mo. 442.]

We think that the provisional writ should be quashed and that the permanent writ of prohibition prayed for should be denied. It is so ordered. All concur.